The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
This case was heard before Deputy Commissioner Dollar in Asheville on August 25, 1993. Following the hearing, the parties submitted the deposition of Joseph M. Dement, M.D., into the record. All objections raised therein are ruled upon in accordance with the law and this Opinion and Award.
The Full Commission adopts, finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employer-employee relationship existed between the parties at all relevant times.
2. On November 25, 1988, the plaintiff sustained a compensable injury to his right shoulder. As a result of this injury, the parties entered into a Form 21 Agreement for Compensation which was approved by the Commission on June 14, 1990 whereby the plaintiff was paid temporary total disability benefits from March 30, 1990 at the weekly compensation rate of $193.34.
3. As a result of this injury, the plaintiff underwent surgery for a torn rotation cuff of his right shoulder on March 30, 1990. This surgery was performed by Dr. Joseph Dement, who subsequently found the plaintiff had reached maximum medical improvement and rated the plaintiff as having a 15% permanent partial impairment to his right arm.
4. As a result of the rating assigned by Dr. Dement, the parties entered into a Form 26, Agreement which was approved by the Commission on January 9, 1992, whereby the plaintiff received 36 weeks of compensation at the rate of $193.34 per week.
5. The parties stipulated 24 pages of medical and rehabilitation reports into the record. In addition, the following exhibits were also received into evidence:
a. Defendant's 1 — Short Term Disability Claim (10 pages), and
b. Defendant's 2 — Statement of Disability Benefits (1 page).
* * * * * * * * * * *
Based upon all of the competent evidence adduced from the record, the Full Commission adopts and makes the following additional
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 43 year old married male who completed high school. The plaintiff began working at Artech in December of 1986 where his duties involved building skids and pallets, nailing and banding them together, and lifting the wood when the hoists were out.
2. As a result of the compensable shoulder injury, the plaintiff was out of work for 17 weeks following rotator cuff surgery on March 30, 1990.
3. On February 12, 1990, the plaintiff reported to Dr. Dement that he was having increasing neck pain and headaches. He also related to Dr. Dement a history of a back sprain approximately 3 weeks earlier, which had diminished in pain, but which he still noticed.
4. On April 9, 1990, the plaintiff reported to Dr. Dement that he had experienced severe constipation and migraine headaches following the surgery. The plaintiff made no complaints to Dr. Dement of any back problems as a result of the severe constipation.
5. On April 23, 1990, plaintiff gave a history to Dr. Dement of having fallen down while helping his wife plant water lilies. The plaintiff reported to Dr. Dement that he lost his balance and fell to his side, catching himself with his right hand. The plaintiff complained of immediate pain which continued throughout the night.
6. On August 13, 1990, Dr. Dement returned the plaintiff to work on light duty.
7. On September 10, 1990, plaintiff informed Dr. Dement that he had returned to full activity at work. Plaintiff reported that he had shoveled an extreme amount at home to repair a water line, but was not excessively tender.
8. On September 14, 1990, the plaintiff complained of a popping incident with his shoulder, and Dr. Dement advised plaintiff to use the shoulder moderately.
9. On September 24, 1990, the plaintiff reported to Dr. Dement that he had shoulder pain after working at home on his porch. Dr. Dement instructed the plaintiff not to do anything outside of his required employment.
10. Despite instructions by Dr. Dement, on October 26, 1990 the plaintiff complained of having back pain and burning down his led due to home activities such as cutting wood.
11. In November of 1990, an MRI revealed that the plaintiff had a disc protrusion.
12. For a period of 26 weeks, from December 1990 through May 1991, plaintiff received short term disability from his employer at the rate of $163.00 per week. All reports filed by the plaintiff related to the disability claims forms completed by the plaintiff not that the plaintiff's accident or sickness began on November 8, 1990 due to gradual onset. Dr. Dement completed a portion of each form which indicated a diagnosis of right-sided disc protrusion, with a gradual onset, and Dr. Dement further noted that the condition was not related to plaintiff's employment.
13. Joyce Lane, personnel manager with defendant ARTECH, received the short term disability forms from the plaintiff. During the 26 weeks plaintiff received these benefits, he never indicated to Ms. Lane that his back injury was related to constipation problems following his shoulder surgery even though the plaintiff did tell Ms. Lane about his constipation problems after the surgery.
14. In April of 1991, while out of work on disability, the plaintiff reported to Dr. Dement that he had been building a deck for 2 or 3 days, which caused back and leg pain.
15. On May 13, 1991, the plaintiff reported to Dr. Dement that he felt his back problem was related to the constipation he suffered following the shoulder surgery.
16. Dr. Dement opined that plaintiff's shoulder rating has stayed the same and that other than anti-inflammatory medications and injections, there was no further treatment for plaintiff's shoulder.
17. Dr. Dement has opined that plaintiff's inability to work from December 1990 to the present is as a result of the back problems.
18. While Dr. Dement is of the opinion that there is certainly a possibility that plaintiff could have developed a herniated disc as a result of the constipation and straining which plaintiff underwent following his shoulder surgery on March 30, 1990, Dr. Dement also opined that lifting, bending, twisting, cutting wood could also have caused the back injury. Dr. Dement further noted that there was no way to objectively determine whether the plaintiff's problems stem from the post-operative constipation, and that his medical records clearly do not document this as the genesis of the problem.
19. The plaintiff's testimony, and that of his wife, offered at the hearing are not accepted as credible. Both testified that the plaintiff's back injury began around April 6, 1990, after returning from the hospital following surgery. The plaintiff contends that he had severe constipation, and after about 7 hours of straining to use the bathroom, when he finally experienced a bowel movement, he experienced pain that felt like it tore his back apart. Despite the alleged severity of this pain, the plaintiff did not report this episode to Dr. Dement at the time of the incident, nor did he report it at his April 9, 1990 doctor's appointment. In fact, the plaintiff did not mention this episode to Dr. Dement until May 13, 1991, over one year after the alleged incident, and coincidentally at about the same time as plaintiff received his last short term disability check. At the hearing, the plaintiff reported a different history of the April 23, 1990 fall at home than what he had related to Dr. Dement.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following
CONCLUSIONS OF LAW
1. The plaintiff has failed to carry the burden of proof to establish that he has sustained a change of condition to his right shoulder. N.C. GEN. STAT. 97-47.
2. The plaintiff has failed to carry the burden of proof to establish that his back injury was caused by the March 30, 1990 surgery for the compensable shoulder injury. The burden of proof is on the plaintiff to show that the injury complained of resulted from the accident in question. Henry v. A.C. Lawrence Co.,231 N.C. 427, 57 S.E.2d 760 (1950); Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980).
3. Plaintiff's testimony, and that of his wife, regarding the constipation episode of April 6, 1990 as causing plaintiff's back problems are not accepted as credible. The Industrial Commission is the sole judge of the truthfulness and credibility of the witness. Priddy v. Blue Bird Cab Co., 9 N.C. App. 291,176 S.E.2d 26 (1970).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission adopts and enters the following
AWARD
1. Plaintiff's claim for benefits is hereby and under the law must be DENIED.
2. Each side shall bear its own costs.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ JAMES J. BOOKER COMMISSIONER
S/ __________________ DIANNE C. SELLERS COMMISSIONER