The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. However, for clarity the Opinion and Award has been rewritten in part without altering the Deputy Commissioner's conclusions.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer is self-insured.
4. Plaintiff's average weekly wage was $469.53, which yields a compensation rate of $313.03 per week.
5. On April 5, 1993, plaintiff suffered an injury by accident arising out of and in the course of her employment when she injured her left knee.
6. The defendant-employer admitted liability and the parties entered into and executed Forms 21 and 26 agreements.
7. The issue to be determined by the Commission is whether the problem plaintiff suffers with her right knee is related to the original injury by accident.
* * * * * * * * * * *
The Full Commission makes its own findings of fact in accordance with those of the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff experienced a compensable injury by accident to the left knee on April 5, 1993 for which liability was admitted. After the accident plaintiff was treated by the employer's medical department, but with continued complaints to the left knee, she was referred to and was seeing Dr. William T. Mason on May 6, 1993. Dr. Mason had previously treated plaintiff for right knee problems which had resulted in the surgical removal of scar tissue from the synovial plica shelf in 1980.
2. On May 17, 1993 plaintiff reported to employer's medical department no pain in her left knee. However, two days later, on May 19, 1993, plaintiff reported to the employer's medical department complaining of pain in both the right and left knees. Further, the plaintiff reported that on the day prior, May 18, 1993, she put a splint on both knees because of pain which began the day prior, May 17, 1993, when both of the plaintiff's knees began hurting following the previous weekend activity of kneeling picking strawberries on May 16, 1993.
3. On May 24, 1993, plaintiff returned to the defendant-employer's medical department where she stated that she was no better. The medical records further indicate that plaintiff's left knee pain was improving but she had pain in her left leg. Thereafter, the medical department made another appointment for the plaintiff with Dr. Mason on May 26, 1993.
4. Dr. Mason, who performed surgery on the left knee on June 24, 1993, noted the appearance of the synovial plica shelf on the left was very similar to that on the right seen in 1980. The synovial lining of the knee produces fluid that lubricates the knee allowing the parts of the knee to slide smoothly. In certain individuals a band of scar tissue called the synovial plica shelf develops across the front of the knee, which can hit against the synovial lining. In certain cases, force or pressure to the knee causes the plica shelf to scrape across the synovial lining resulting in pain. But, in other cases, a synovial plica shelf can, through a degenerative process, abrade the synovial lining resulting in the same symptoms, even if there is no injury or force applied to the knee.
5. Plaintiff remained under the care of Dr. Mason who eventually performed surgery on her right knee on October 14, 1993. When Dr. Mason operated on plaintiff's right knee, he noted that the synovial plica shelf had reformed and that there was again scar tissue abrading the synovial lining. Dr. Mason cut the synovial plica shelf and then removed any scar tissue which had formed on both surfaces of the synovial lining.
6. The greater weight of the competent medical evidence shows a causal relation between the blow to plaintiff's left knee at the time of her April 5, 1993 fall and plaintiff's left knee becoming symptomatic. However, with regard to the right knee, there is no causal relation linking her condition or an aggravation thereof to any work-related injury. Further, there is no evidence of any direct injury to the right knee. In addition, the condition of the right knee could have resulted from various factors including a simple degenerative process alone or pressure applied to the knee such as that while kneeling to pick strawberries, regardless of the duration of that pressure however brief. Dr. Mason indicated that kneeling on a hard surface could cause a previously asymptomatic synovial plica shelf to become symptomatic and in turn the aggravation becomes self-perpetuating.
7. If plaintiff's complaints of right knee pain had occurred only after the surgery on the left knee on June 24, 1993, then it is possible that plaintiff's placing greater weight on the right knee and altering her gait during recovery from the left knee surgery could be the cause of her right knee pain. However, the sequence of events does not present these circumstances because plaintiff experienced right knee pain prior to undergoing left knee surgery on June 24, 1993, in fact, plaintiff complained of right knee pain on May 17, 1993 following a weekend of kneeling picking strawberries. Therefore, considering the greater weight of the medical evidence, plaintiff's right knee problems did not result from, nor were they aggravated by, any work-related incident, including any alteration of her gait or the use of any type of knee brace.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff has not established a causal relation between her right knee condition or aggravation thereof and the compensable left knee injury by accident of April 5, 1993, nor any other work related incident. Therefore, the right knee condition is not compensable and she is not entitled to benefits under the North Carolina Workers' Compensation Act. § 97-2 (6).
It is well established in North Carolina that the person claiming benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of the employment. Henry v. A.C. Lawrence Leather Company, 231 N.C. 477, 57 S.E.2d 760 (1950). For an injury to be compensable under the Workers' Compensation Act, it must be proximately caused by the accident arising out of and suffered in the course of employment. Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for workers' compensation benefits to her right knee is, and the same shall be, hereby DENIED.
2. Each side shall pay its own costs.
 S/ ____________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________________ THOMAS J. BOLCH COMMISSIONER
DISSENTING:
S/ ____________________________ COY M. VANCE COMMISSIONER