The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On February 17, 1992, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date the employer-employee relationship existed between the parties.
3. As of said date, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. The alleged injury giving rise to plaintiff's claim occurred on February 17, 1992.
5. That the issues to be determined in this case are:
 a. Did plaintiff sustain an injury by accident as claimed arising out of and in the course of her employment with the defendant-employer on February 17, 1992; and,
 b. If so, are the injuries of which plaintiff complains caused by the said accident; and,
 c. If so, to what compensation is plaintiff entitled under the Act.
6. The parties further stipulate into evidence approximately thirty pages of medical records and Plaintiff's Exhibits One and Two being plant nurse and personnel records respectively.
At the hearing on November 16, 1993, the parties introduced the following exhibits:
1. Defendant's Exhibit 1, marked D1, consisting of a two-page Disability Benefits Form.
2. Defendant's Exhibit 2, marked D2, consisting of Answers to Interrogatories.
The parties further stipulated at the oral arguments before the Full Commission that plaintiff's average weekly wage and compensation rate would be determined from a Form 22 dated November 23, 1993. This form indicates plaintiff's average weekly wage was $216.58, which yields a compensation rate of $144.39.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On February 17, 1992, the alleged date of injury, plaintiff was employed by the defendant-employer as a sleeve setter. She had been working in this position since May 1, 1991.
2. Prior to February 17, 1992, plaintiff had been involved in motor vehicle accidents in 1987 and 1990. In March 1992, plaintiff was involved in an additional accident when the vehicle plaintiff was driving was forced into a ditch.
3. On February 17, 1992, prior to coming to work, plaintiff's foot became entangled in a child's toy in her son's room. Plaintiff tripped and stumbled, striking her knee on her son's bed. Plaintiff caught herself using her hands against the wall and the bedpost. Plaintiff was late for work due to this mishap.
4. On February 17, 1992, plaintiff fell at work when, while sitting down, she missed her chair and landed on the floor on her buttocks. She and her fellow employees found the incident amusing and laughed. Plaintiff worked the balance of her shift.
5. On February 24, 1992, plaintiff visited her family physician, Dr. W. Borden Hooks. At that time, plaintiff complained of right shoulder and arm pain, and noted that she had previously been treated for the "same problem" with her left shoulder and arm. Plaintiff made no mention of the February 17, 1992 incidents. Dr. Hooks released plaintiff to return to work effective March 2, 1992. Plaintiff, rather than return to work, decided to seek an evaluation from an orthopedic physician.
6. Plaintiff saw Dr. Paul C. Liebrecht, an orthopedic physician, on March 2, 1992. Plaintiff made no mention of the February 17, 1992 incidents. Dr. Liebrecht completed a form noting that plaintiff's condition was due to "sickness," as opposed to "injury," and that plaintiff's condition did not arise out of her employment. Dr. Liebrecht reached a tentative diagnosis of a disc herniation at C5-6, and referred plaintiff to Dr. William Brown, a neurosurgeon in Winston-Salem.
7. Plaintiff first saw Dr. Brown on March 31, 1992. At that time, plaintiff reported that she awoke with severe neck pain. Plaintiff did not give Dr. Brown any history of the incident at work, her tripping incident at home, or any of the auto accidents plaintiff had experienced (including the one she had just experienced that same month). Dr. Brown reached a diagnosis of cervical disc disease at the C5-C6 level. Dr. Brown recommended continuing conservative care and made an appointment for plaintiff on April 17, 1992. Plaintiff reported that her neck pain was better, but that her arm pain was continuing. Dr. Brown continued the conservative treatment, but also discussed with plaintiff the possibility that surgery may be needed in the future.
8. On May 6, 1992, plaintiff returned to Dr. Brown's office and reported that she wanted to give the doctor some additional history. She then told Dr. Brown about the February 17, 1992 workplace falling incident and furthermore related her back pain and neck pain to this incident.
9. When Dr. Brown treated plaintiff, he had no information about the automobile accidents or plaintiff's home tripping incident of February 17, 1992.
10. Plaintiff reached maximum medical improvement and was released to return to work on August 31, 1992. She has a twenty-five percent permanent functional impairment to the back.
11. There is insufficient medical evidence of record from which to prove by its greater weight that plaintiff's medical condition is causally related to the incident at work on February 17, 1992.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act it must be the result of an accident arising out of and in the course of employment. N.C.G.S. 97-2 (6).
2. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment.Henry v. A.C. Lawrence Leather Co., 231 N.C. 477, 57 S.E.2d 760
(1950).
3. The greater weight of the evidence fails to establish that plaintiff's medical condition is causally related to the February 17, 1992 incident at work.
4. Plaintiff is, therefore, not entitled to benefits under the Workers' Compensation Act. N.C.G.S. 97-2 et seq.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim must under the law be and hereby is DENIED.
2. Each side shall bear its own costs of this appeal.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER