The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The defendant-employer was self-insured.
4. Plaintiff's average weekly wage is as set forth on the Form 22 (Wage Chart).
5. Plaintiff is alleging an injury by accident on October 15, 1992, resulting in an injury to the right knee.
6. The defendant-employer has denied liability; and the issues to be determined by the Commission are whether the plaintiff, in fact, suffered an injury by accident as alleged; and whether there is a causal connection between plaintiff's right knee problem and any alleged injury.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On October 15, 1992, plaintiff was employed by defendant-employer as a sanitation truck driver.
2. On said date at approximately 11:30 a.m., plaintiff developed pain in his leg and saw the company nurse. According to the medical records, plaintiff told the nurse that he got out of the truck at approximately 11:30 a.m. and was unable to walk. He was just dragging his right leg when he put weight on it. He indicated that he was having pain the past Sunday and Monday and walked with a limp. The nurse found plaintiff's right knee to be swollen and painful. She prescribed medication and referred him to Dr. Peter Whitfield. Plaintiff did not mention to the nurse that he missed a step and slipped as he got down from the truck.
3. On October 15, 1992, plaintiff saw Dr. Whitfield. Plaintiff gave Dr. Whitfield a history of having an acute onset of pain in that same knee while at work. Because of the pain, he was unable to bend his knee. Plaintiff also related to the doctor that his knee felt tight. Again, plaintiff did not mention to the doctor that he slipped as he missed a step as he was climbing down from the truck.
4. Plaintiff has received treatment for his right knee previously on May 22, 1991 by Dr. Mortenson. At that time, plaintiff gave a history of playing softball; and he developed some pain after playing softball. Dr. Mortenson diagnosed plaintiff with a tear of the medial meniscus. After taking x-rays, the doctor felt the plaintiff has osteochondritis dissecans.
5. Dr. Whitfield was asked if he had an opinion whether plaintiff has the same problem that existed in 1991 or had plaintiff developed a new condition as of October 15, 1992. Dr. Whitfield indicated that he felt plaintiff had an evolving problem in the sense that he was noted to have osteochondritis dissecans of the media femoral condyle in the same knee back in 1991.
6. Specially, Dr. Whitfield indicated on Page 33 of the deposition that if plaintiff did not have an acute traumatic event then plaintiff's problem was the natural evolution of this particular process.
7. Since plaintiff gave a version at the hearing of stepping from the truck and slipping on the steps, which was different from what he told the nurse and the treating physicians, the undersigned finds that plaintiff did not suffer an injury by accident by slipping from the steps. Plaintiff's problem developed as a natural evolution as suggested by Dr. Whitfield. Therefore, plaintiff did not suffer an injury by accident as alleged.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. It is well established in North Carolina that a person claiming benefits of compensation has the burden of showing that the injury complained of resulted from an accident or as a result of a specific traumatic incident arising out of and in the course of the employment.Henry v. A. C. Lawrence Leather Co., 231 N.C. 477,57 S.E.2d 760 (1950). Since plaintiff did not carry the burden of proof in this case, he cannot claim benefits in the Workers' Compensation Act.
2. In passing upon issues of fact, the Deputy Commissioner must give weight to the testimony of the witnesses. Anderson v.Northwestern Motor Co., 233 N.C. 372, 64 S.E.2d 265 (1951). In the case at hand, the undersigned gives more weight to the information contained in the nurse's medical reports and the treating physician's medical reports. Therefore, plaintiff did not meet his burden of proof.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for workers' compensation benefits is HEREBY DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER
DCS/bjp