The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with minor technical modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant Employer.
3. The Travelers Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $332.11, which yields a compensation rate of $221.40 per week.
5. The Plaintiff is alleging an injury by accident or specific traumatic incident that occurred on March 21, 1994, resulting in an alleged injury to her back.
6. The parties stipulated during the hearing that the Plaintiff's claim for a knee injury would be barred because she suffered no compensable accident regarding the knee.
7. The medical records from Dr. Jack Vesano of Hawthorne Orthopaedics were stipulated into evidence as Plaintiff's exhibit #1.
8. For the period of August 15, 1994, through January 18, 1995, the Plaintiff received the sum of $2,796.00 in unemployment benefits paid through the Employment Security Commission.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff was employed by Defendant-employer as a wire operator, cashier, and stock clerk. Her duties included in-putting orders, entering trays, some cashiering work, and also receiving and stocking supplies. As a regular and normal part of Plaintiff's job, she was required to pick up and move boxes of supplies, including boxes of copier paper.
2. On Monday, March 28, 1994, Plaintiff visited Dr. Jack Vesano of Hawthorne Orthopaedics who examined her and diagnosed her as having lumbosacral strain with myositis, hamstring tendonitis, and ruled out internal derangement of the right knee. Plaintiff told Dr. Vesano that she was working as a secretary and was required to do a great deal of bending and lifting of boxes weighing up from to fifty to sixty pounds. Plaintiff stated that she had noted increasing amounts of pain and discomfort in the back with some radiation into the hip and buttocks as well as a great deal of pain in the right knee. Plaintiff also related popping sensation or locking sensation that had been occurring in the knee. Plaintiff did not describe or even mention to Dr. Vesano any specific incident at work that caused her pain. However, in her statement to Rich Reynolds, the claims representative for The Travelers, on April 27, 1994, Plaintiff described pulling her right knee and lower back while picking up a box of supplies at work on March 21, 1994. At most, regarding her condition, Plaintiff told the doctor that she had noted increasing amounts of pain over time without describing any alleged incident of March 21, 1994.
3. Plaintiff was treated by Dr. Vesano on the following dates: March 28, April 14, May 9, May 23, June 13, July 25, and August 1, 1994 and May 26 of 1995.
4. At no time during any of Plaintiff's visits to Dr. Vesano did she describe any accident or any specific incident at work that caused her back pain or knee pain or any aggravation thereof.
5. Plaintiff continued her employment with Defendant-employer performing light duty until August 15, 1994, at which time she was terminated for reasons unrelated to any injury.
6. Plaintiff did not report any injury or specific traumatic incident to her supervisor on March 21, 1994. The first time that Plaintiff's supervisor heard of any injury was when she received a Form 19 completed by the plaintiff dated April 8, 1994.
7. There is insufficient evidence of record to find by the greater weight that Plaintiff sustained any specific traumatic incident or any injury by accident, based on the history of gradual onset of knee and back pain over a period of time which Plaintiff presented to her treating physician. Greater weight is given to the history given to Dr. Vesano by Plaintiff than that given to Rich Reynolds, The Traveler's claims representative.
8. Plaintiff did not suffer a specific traumatic incident or an injury by accident arising out of and in the course of the employment. Plaintiff's knee and back pain developed gradually over a period of time.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. It is well established In North Carolina that the person claiming benefits of compensation has the burden of showing that the injury complained of resulted from an accident or a specific traumatic incident arising out of and in the course of the employment. Henry v. A.C.Lawrence Leather Company, 231 N.C. 477, 57 S.E.2d 760 (1950). Since Plaintiff did not carry the burden of proof in this case, she is not entitled to benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6)
2. In passing upon issues of fact, the Deputy Commissioner must give weight to the testimony of the witnesses. Anderson v.Northwestern Motor Company, 233 N.C. 372, 64 S.E.2d 265 (1951). In the case at hand, more weight is given to the records of Dr. Vesano and Plaintiff's supervisor than to plaintiff's statement to the claims representative. Therefore, based on this analysis Plaintiff did not meet her burden of proof.
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby, and the same shall be, DENIED.
2. Each side shall pay its own costs due the Commission.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER