The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Employee is Robert Beckton.
2. Employer was a duly qualified self-insured at the time of the alleged injury by accident with Consolidated Administrators, Inc. as its Servicing Agent.
3. Defendant-employer regularly employs three or more employees and is bound by the provisions of the North Carolina Workers' Compensation Act. The Industrial Commission has jurisdiction of the parties and all parties should be properly named in this action.
4. The parties stipulated the admissibility of Industrial Commission forms 18, 19, 33R, 36 and 61 and the same have been received.
5. The parties stipulated the admissibility of all medical records, including those of New Hanover Regional Medical Center, Coastal Carolina Eye Clinic, Wilmington Surgcare and Duke University Medical Center and the same have been received.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 48 year old concrete construction worker with a 10th grade education.
2. In July of 1995, plaintiff subcontracted with defendant to form a foundation for a warehouse facility in Navassa, Brunswick County, North Carolina. Plaintiff had no workers' compensation insurance at this time and defendant never asked plaintiff to certify that plaintiff had workers' compensation insurance.
3. Plaintiff asserted he was injured on the day he bought "form materials" and believed this date to be July 27, 1995.
4. On July 26, 1995, plaintiff arrived at defendant's job site to pick up a $300.00 check which was an advance for the purchase of the "form materials".
5. The front and back portions of defendant's $300.00 check payable to plaintiff show that the plaintiff was paid for the "form materials" on July 26, 1995, that plaintiff cashed the check on July 26, 1995 and that the check posted to defendant-employer's bank account on July 26, 1995.
6. During the afternoon of July 26, 1995, plaintiff and his crew went to defendant's job site and began to form the outer limits of the foundation with wooden boards and other materials just purchased.
7. Plaintiff purchased the "form materials" and was on defendant's job site on July 26, 1995.
8. At about 7:00 p.m. on July 27, 1995, plaintiff went to New Hanover Regional Medical Center where Dr. James Kesler diagnosed plaintiff with a corneal laceration. New Hanover Regional Medical Center notes state that plaintiff reported being struck in his right eye with a nail while at work on a construction job with Brookside Construction and that plaintiff was not wearing safety glasses.
9. Plaintiff had surgery on his cornea on the night of July 27, 1995. Plaintiff later had two more surgeries to implant a lens and remove a developing cataract, as well as to reposition his new lens.
10. Dr. Kesler stated that when he saw plaintiff on July 27, 1995, plaintiff's eye injury was only a few hours old and the eye was not infected. Dr. Kesler opined that plaintiff's eye injury was a recent trauma because of the freshness of the laceration and because there was not a great deal of inflammation. Dr. Kesler further opined that plaintiff's eye would have been infected had it been open for twelve to twenty-four hours.
11. There is conflicting evidence that plaintiff worked for defendant on July 27, 1995 as the supervisor of this job, Allen Hancock, denied that plaintiff worked for defendant on July 27, 1995.
12. Plaintiff suffered an eye injury sometime after completing his work for defendant-employer on July 26, 1995, when he struck a nail with a hammer and the nail ricocheted and struck plaintiff in his right eye.
13. Since plaintiff injured his eye, he has been able to earn wages by completing residential concrete work.
14. The plaintiff did not carry his burden of proving that he suffered a compensable injury arising in the course and scope of his employment.
15. Plaintiff's injury did not arise in the course and scope of his employment and therefore is not compensable under the Workers' Compensation Act.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has the burden of proof in each and every element of compensability. Henry v. A.C. Lawrence Leather Co.,231 N.C. 477, 57 S.E.2d 760 (1950). In the instant case, the competent evidence in the record does not support plaintiff's contention that he was injured while working on defendant's site on July 26, 1995. Since the plaintiff failed to carry the burden of proof, the plaintiff is not entitled to benefits under the Workers' Compensation Act.
2. Plaintiff's right eye injury was not a result of an injury by accident arising out of and in the course and scope of his employment. N.C. GEN. STAT. § 97-2(6).
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is, and under the law must be DENIED.
2. Each side shall pay its own costs, except that defendant shall pay expert witness fee of $195.00 to Dr. James Kesler.
This the ___ day of October, 1997.
 S/ ____________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________________ LAURA K. MAVRETIC COMMISSIONER
TBS/bjp