CHARLES HENRY, EMPLOYEE, v. A. C. LAWRENCE LEATHER COMPANY, EMPLOYER, AND SECURITY MUTUAL CASUALTY COMPANY, CARRIER.

(Filed 1 March, 1950.)

1. **Master and Servant § 50—**

Claimant in a proceeding under the Workmen's Compensation Act has the burden of proving that his claim is compensable under the Act.

2. **Master and Servant § 51—**

The Industrial Commission is the sole judge of the truthfulness and weight of the testimony of the witnesses in the discharge of its function as the fact finding authority under the Workmen's Compensation Act. G.S. 97-84.

3. **Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive upon appeal when supported by competent evidence.

4. **Same—**

On appeal from an award of the Industrial Commission the jurisdiction of the courts is limited to the questions of law as to whether there was competent evidence before the Commission to support its findings of fact and whether such findings justify the legal conclusions and decision of the Commission.

5. **Master and Servant § 40f—**

Only those occupational diseases specifically designated by G.S. 97-53, as amended, are compensable under the Workmen's Compensation Act.

6. **Same—**

A dermatitis resulting from contact with gloves made of commercial rubber is not an occupational disease compensable under the Workmen's Compensation Act. G.S. 97-53 (13).

7. **Master and Servant § 37—**

The rule that the Workmen's Compensation Act should be liberally construed cannot be employed to contribute to a provision of the Act a meaning foreign to the plain and unmistakable words in which it is couched.

APPEAL by defendants, A. C. Lawrence Leather Company and Security Mutual Casualty Company, from *Moore, J.,* at November Term, 1949, of HAYWOOD.

This is a proceeding under the North Carolina Workmen's Compensation Act in which the plaintiff, Charles Henry, seeks compensation from his employer, A. C. Lawrence Leather Company, and its insurance carrier, Security Mutual Casualty Company, for an alleged occupational disease. The parties concede that they are bound by the provisions of the Act.

The plaintiff offered testimony before the Hearing Commissioner tending to show that he handled "green hides" saturated with lime water in performing his work in the tannery operated by his employer; that in so doing he protected his hands from injury by the lime water by wearing gloves, which were furnished by his employer for the purpose and which were made of commercial rubber, a definite and solid substance produced by combining natural rubber and "chemicals," some of which were gaseous or liquid in form at certain stages in the process of manufacture; that although he was unaware of the fact, he was allergic "to all types of rubber" and "to no other substance"; and that in consequence the contact of his hands and the gloves caused a dermatitis, i.e., an inflammation of his hands and arms, which totally disabled him to work during the period from 5 April, 1948, to 12 July, 1948.

The Hearing Commissioner made general findings of fact conforming to this testimony and this additional specific finding: "That as a result of wearing the rubber gloves above mentioned the plaintiff became sensitive to said solidified chemical compounds contained in the rubber gloves and as a result of wearing them suffered a dermatitis of the hands and arms, from which he was totally disabled for the period from April 5, 1948, to July 12, 1948." The Hearing Commissioner thereupon declared that "the Supreme Court has consistently held that the provisions of the Workmen's Compensation Act should be construed liberally in awarding compensation" and concluded as a matter of law on the basis of his specific finding of fact that the thirteenth subdivision of G.S. 97-53 "is sufficiently broad to cover an occupational dermatitis caused by wearing rubber gloves which are a chemical compound which was originally chemical liquids, gases, or vapors and which had become solidified"; and awarded plaintiff compensation "for temporary total disability for the period from April 5, 1948, to July 12, 1948."

The award of the Hearing Commissioner was reviewed by the Full Commission on the appeal of the defendants, and the Full Commission adopted as its own "the findings of fact, conclusions of law, and the award of the Hearing Commissioner." The defendants thereupon appealed from the Full Commission to the Superior Court, and the Superior Court entered judgment affirming the conclusions of law and award of the Full Commission. The defendants excepted to this judgment, and appealed therefrom to this Court, assigning errors.

R. E. Sentelle for plaintiff, appellee.
Morgan & Ward for defendants, appellants.

ERVIN, J.  The following rules are well settled in respect to proceedings coming within the purview of the North Carolina Workmen's Compensation Act:

1. The claimant has the burden of proving that his claim is compensable under the Act.  *Bolling v. Belk-White Co.,* 228 N.C. 749, 46 S.E. 2d 838; *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Gassaway v. Gassaway & Owen, Inc.,* 220 N.C. 694, 18 S.E. 2d 120; *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 324.

2. Fact-finding authority is vested in the North Carolina Industrial Commission, which is the sole judge of the truthfulness and weight of the testimony of the witnesses.  G.S. 97-84; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515.

3. The findings of fact of the Industrial Commission are conclusive and binding upon appeal to the courts if such findings are supported by competent evidence, the jurisdiction of the courts being limited to questions of law.  *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668; *Winslow v. Carolina Conference Association,* 211 N.C. 571, 191 S.E. 403; *Byrd v. Lumber Co.,* 207 N.C. 253, 176 S.E. 572.

4. In passing upon an appeal from an award of the Industrial Commission, the reviewing court is limited in its inquiry to two questions of law, namely: (1) Whether or not there was any competent evidence before the Commission to support its findings of fact; and (2) whether or not the findings of fact of the Commission justify its legal conclusions and decision.  58 Am. Jur., Workmen's Compensation, section 530.

The North Carolina Workmen's Compensation Act does not cover all occupational diseases.  Schneider's Workmen's Compensation (Perm. Ed.), Text Volume 3, section 924; Horovitz on Workmen's Compensation, page 85.  It makes compensable disablements or deaths of employees resulting from a limited number of occupational diseases, *i.e.,* those specifically designated in the twenty-six subdivisions of G.S. 97-53 as amended by Chapter 1078 of the 1949 Session Laws of North Carolina. G.S. 97-52.

The plaintiff insists that the judgment of the Superior Court upholding the award of the Industrial Commission ought to be sustained on the ground that his disabling dermatitis is compensable as an "infection or inflammation of the skin . . . due to irritating oils, cutting compounds, chemical dust, liquids, fumes, gases or vapors" within the meaning of the thirteenth subdivision of G.S. 97-53.  He rightly concedes that his ailment cannot qualify as an occupational disease under any other provision of the statute.

The defendants assert, however, by appropriate exceptions to findings of fact, conclusions of law, and the award itself, that the plaintiff has failed to prove that his disabling dermatitis falls within the coverage

of the thirteenth subdivision of the statute. They advance two contentions to invalidate the award of the Industrial Commission and the judgment of the Superior Court affirming it. These are: (1) That there was no evidence before the Commission supporting its specific finding of fact that the dermatitis suffered by plaintiff was caused by "solidified chemical compounds contained in the rubber gloves"; and (2) that such finding of fact, even if supported by evidence, is insufficient to justify the legal conclusion and the decision that the dermatitis suffered by plaintiff qualifies as a compensable occupational disease under the Workmen's Compensation Act.

The evidence before the Commission did not suggest that the plaintiff had an allergy to some undefined chemicals, even though such chemicals may have been gases or liquids before they were combined with natural rubber to form commercial rubber. It was simply that the plaintiff is allergic "to rubber in all its forms and to no other substance." Thus, it appears that there is much persuasiveness in the first position assumed by the defendants.

Be that as it may, the validity of their second contention admits of no reasonable doubt. A dermatitis resulting from contact with gloves made of commercial rubber, which is a definite and solid substance, cannot be adjudged to be "due to irritating oils, cutting compounds, chemical dust, liquids, fumes, gases, or vapors" without doing violence to the language employed by the Legislature to express its intent.

It is undoubtedly true that the Workmen's Compensation Act "should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow, and strict interpretation." *Johnson v. Hosiery Company,* 199 N.C. 38, 153 S.E. 591. But the rule of liberal construction cannot be employed to attribute to a provision of the Act a meaning foreign to the plain and unmistakable words in which it is couched. *Wilson v. Mooresville,* 222 N.C. 283, 22 S.E. 2d 907; *Gilmore v. Board of Education,* 222 N.C. 358, 23 S.E. 2d 292.

For the reasons given, the judgment of the Superior Court sustaining the award of the Industrial Commission is

Reversed.