Clark v. Burlington Industries

JESSE T. CLARK, Employee, Plaintiff, v. BURLINGTON INDUSTRIES, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. 8010IC237

(Filed 21 October 1980)

1. **Master and Servant § 68– workers' compensation – pulmonary disease not compensable**

    Evidence was sufficient to support the Industrial Commission's finding that plaintiff's pulmonary disease was not compensable under the Workers' Compensation Act where one doctor stated that plaintiff's bronchitis "may be job related although the heavy smoking in the past must be considered a major etiologic factor," and another doctor stated that there was no Monday exacerbation of plaintiff's symptoms.

2. **Master and Servant § 68– workers' compensation – employee not entitled to additional physical exam**

    Plaintiff, who filed a claim under the Workers' Compensation Act for an alleged occupational disease resulting from exposure to cotton dust, was not entitled to an additional panel physical examination under G.S. 97-27(b), since that statute provides for an additional examination if there is a question as to the percentage of permanent disability, but that was not the question in this case.

Appeal by plaintiff from order of North Carolina Industrial Commission entered 1 October 1979. Heard in the Court of Appeals 11 September 1980.

Plaintiff filed a claim under the Workers' Compensation Act for an alleged occupational disease resulting from exposure to cotton dust. Hearings were held before the Chairman of the Industrial Commission in Raleigh and before a Deputy Commissioner in Durham. The evidence showed that plaintiff was employed by Burlington Industries for approximately 37 years. He worked from 1934 until 1971 principally as a loom fixer in the weave room but "pretty infrequently" he also worked in the card room.

Plaintiff testified that he was almost 62 years of age at the time of the hearing and that he had smoked a "pack or a half a pack" of cigarettes a day since he was "a teenager." He quit for three years approximately 25 years ago "because [he] had a spot on [his] lungs," and he "had surgery as a result of that." He

also testified that he first noticed he had breathing problems three or four years before he retired.

Dr. Herbert O. Sieker, a member of the Industrial Commission's Textile Occupational Disease Panel testified, and by stipulation the Hearing Commissioner considered written reports from three other doctors. Dr. Sieker said in answer to a hypothetical question that plaintiff was disabled for work because of a chronic lung disease, and in his opinion, cotton dust was a factor contributing to his chronic obstructive lung disease. On cross-examination, he stated: "it is not uncommon to find persons with the same degree of lung impairment as Mr. Clark who have not been exposed to cotton dust, who have not worked in textile mills."

A letter from plaintiff's family physician, Dr. W.E. Adair, was introduced into evidence in which Dr. Adair stated that plaintiff was totally disabled "due to severe chronic obstructive pulmonary disease . . . . [Plaintiff's] history of cotton dust exposure" would "have to be considered as a causative factor."

A letter dated 13 January 1972 from Dr. Tryggvi Asmundsson of Duke University Medical Center was received in evidence. Dr. Asmundsson said plaintiff had chronic bronchitis, status post right upper lobectomy and right phrenic nerve crush for TB, peptic ulcer disease, mild hypertension, and nephrolithiasis; that plaintiff had no evidence of emphysema or classical byssinosis; and that his "bronchitis may be job related although the heavy smoking in the past must be considered a major etiologic factor."

Dr. Charles D. Williams, a member of the Industrial Commission's Textile Occupational Disease Panel, examined plaintiff on 28 January 1977. His report was introduced into evidence. In it he said: "[Plaintiff] gives the history of gradual onset of dyspnea on exertion which began about 3 yrs. prior to his retirement . . . . [T]here was no history of any Monday exacerbation of symptoms such as chest tightness, dyspnea, cough or wheezing." Dr. Williams listed chronic bronchitis and no evidence of byssinosis among his impressions and expressed no opinion as to whether the bronchitis was job related.

Chairman William H. Stephenson entered an opinion and award in which he found among others the following facts:

"9. Plaintiff does not have the disease byssinosis and does not suffer from any condition which has been proven to be due to causes and conditions which are characteristic of and peculiar to his particular trade, occupation, or employment.

10. Plaintiff is not suffering from an occupational disease."

Chairman Stephenson denied compensation. The Full Commission adopted the opinion and award of Chairman Stephenson with one dissent. Plaintiff appealed.

*Hassell and Hudson, by Charles R. Hassell, Jr. for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by C. Ernest Simons, Jr., for defendant appellees.*

WEBB, Judge.

[1] Plaintiff bases his claim for disability benefits on G.S. 97-53(13) and G.S. 97-52. G.S. 97-52 provides that a disablement from an occupational disease under G.S. 97-53 shall be treated as an accident under the Workers' Compensation Act. G.S. 97-53(13) defines an occupational disease as:

Any disease, other than hearing loss covered in another subdivision of this section, which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.

Finding of fact number nine is sufficient to support the conclusion that plaintiff's pulmonary disease is not compensable.

If from a reading of the whole record the evidence supports this finding of fact, we are bound by it. *Booker v. Medical Center*, 297 N.C. 458, 256 S.E. 2d 189 (1979) and *Moore v. Stevens & Co.*, 47 N.C. App. 744, 269 S.E. 2d 159 (1980). We hold the whole record does support this finding of fact. Dr. Asmundsson's statement that there is no evidence of byssinosis, that "[h]is bronchitis may be job related although the heavy smoking in the past must be considered a major etiologic factor" and the

report of Dr. Williams that there was no history of any Monday exacerbation of symptoms support this finding. The plaintiff has the burden of proving his claim is compensable. *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760 (1950). Although there is competent evidence to the contrary, we cannot hold that the Hearing Commissioner's finding of fact is not supported by the whole record.

[2] Plaintiff also assigns as error the denial of his motion for an additional panel physician examination. He contends he was entitled to such an examination under G.S. 97-27(b) which provides in part:

> (b) In those cases arising under this Article in which there is a question as to the percentage of permanent disability suffered by an employee, if any employee, required to submit to a physical examination under the provisions of subsection (a) is dissatisfied with such examination or the report thereof, he shall be entitled to have another examination by a duly qualified physician . . . designated by him and paid by the employer or the Industrial Commission . . . .

The order denying the plaintiff's motion held the plaintiff was examined pursuant to G.S. 97-89 which does not provide for examination by an additional physician. We do not believe it is helpful to the defendant whether he was examined pursuant to G.S. 97-27(b) or G.S. 97-89. G.S. 97-27(b) provides for an additional examination if there is a question as to the percentage of permanent disability. That is not the question in this case. G.S. 97-89 does not provide for an additional examination. This assignment of error is overruled.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.