The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. Plaintiff argues that she met her burden of proof by establishing that she injured her back in a specific traumatic incident arising out of and in the course of her employment. However, after careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award. Therefore, the August 11, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the employment relationship existed between the parties at the time of the injury giving rise to this claim.
2. Defendant-employer was a duly qualified self-insured and Constitution State Services was the servicing agent on or about July 14, 1992.
3. The issues for determination are:
 a. Whether the plaintiff sustained a compensable injury on or about July 14, 1992, and if so, what are the compensable consequences?
 b. Whether plaintiff timely reported the injury giving rise to this claim, or whether her claim should be barred due to failure to give timely notice.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. The plaintiff began her employment with defendant-employer on or about January 20, 1992, when she was hired as a creel handler on second shift.
2. The plaintiff's average weekly wage for the period from January 20, 1992 through July 14, 1992 was $320.23, which yields a weekly compensation rate of $213.50.
3. At the hearing, the plaintiff testified that she was assigned by her supervisor, Sandra Walker, to assist the yarn lubricators by manually banding boxes on July 14, 1992. The plaintiff stated that she had to lift the boxes up off the floor to put a band under and around it, and in one instance, she felt severe pain when she raised up. She indicated that she reported this injury to Ms. Walker and was allowed to go home around 4:30 P.M. The plaintiff stated that she took two Advils and laid on the hearing pad. Later that evening, Sandra Walker called her to return to work, which the plaintiff did at around 7:00 P.M., at which time she was placed on her regular creeling job.
4. The plaintiff worked the rest of her shift on July 14, 1992, and worked for another two weeks as a creeler. Thereafter, the plaintiff bid for and was awarded a position operating the supertronic machine. The plaintiff left defendant-employer in September of 1992.
5. On July 14, 1992 plaintiff was assigned to creel for Juanita Adams on the McCoy machine. Ms. Adams recalled the plaintiff being away for part of the shift, and when Ms. Adams questioned the plaintiff about this, she (plaintiff) told Ms. Adams she had injured her back about a month ago. However, Ms. Adams observed the plaintiff dancing about on a ladder which she climbed to creel the McCoy machine.
6. On July 14, 1992 the defendant-employer utilized a machine to band yarn boxes. This task was not performed manually. Running the box bander machine was performed by the yarn lubricators and not by the creelers.
7. On September 24, 1992 the plaintiff reported a history of injuring her back in June of 1992 when she was seen by Dr. Giles.
8. When the plaintiff returned to work on July 14, 1992, after going home, she was disciplined by Sandra Walker for going away for such a long period of time. Keith Price, Ms. Walker's supervisor, attended the disciplinary conference. Ms. Walker indicated that the plaintiff had requested to go home and was to return on July 14, 1992; however, after more than two hours the plaintiff had not returned to work and Ms. Walker telephoned her to come back in to work. At no time during the conference did the plaintiff state that she had suffered an injury to her back that day which had necessitated the absence.
9. On August 13, 1992 Betty Tanzer, plant nurse, received notice from the plaintiff that she was claiming a work-related injury to her back. Nurse Tanzer investigated this matter. The plaintiff reported that she did not know the date she had injured herself, but that Keith had tried to write her up for it. The plaintiff asked to leave work to see her chiropractor at that time and Nurse Tanzer referred her to see Bill Vassen, a physician's assistant.
10. On October 20, 1992, the plaintiff was seen by Dr. David M. Jones, a neurosurgeon, at which time she reported a history of an injury date on June 13, 1992 when she hurt her back while lifting a 100-pound box of yarn.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. The plaintiff has failed to carry the burden of proof to establish that she sustained a compensable injury to her back on or about July 14, 1992. Henry v. A.C. Lawrence Co., 231 N.C. 427,57 S.E.2d 760 (1950).
2. The plaintiff's testimony regarding her injury is not accepted as credible. The Industrial Commission is the sole judge of the truthfulness and credibility of the witness. Priddy v.Blue Bird Cab Co., 9 N.C. App. 291, 176 S.E.2d 26 (1970). First, the plaintiff's testimony regarding her assignment to band boxes was directly contradicted by other evidence which established that creelers were not assigned to band boxes. Second, the box banding was automated and was not performed manually. Third, plaintiff related a history to Dr. Giles and Dr. Jones of injuring her back in June of 1992, not July 14, 1992. Plaintiff also related this June 1992 date to her coworker. Fourth, the plaintiff did not report the alleged injury to Keith Price or Sandra Walker on July 14, 1992 when she was disciplined for leaving work. Fifth, the plaintiff reported to Nurse Tanzer on August 13, 1992, of the injury, and requested to be permitted to go to her chiropractor. This would indicate that the plaintiff had been seeking treatment on her own for back problems, and had not reported the need for prior treatment. Finally, at no time on or before July 14, 1992 did the plaintiff report having sustained a work-related injury to her back, and only after she was disciplined for leaving work did the plaintiff begin to contend that she had sustained a work-related injury.
* * * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Plaintiff's claim is and under the law must be DENIED.
2. Each side shall pay its own costs, except that defendants shall pay an expert witness fee of $200.00 to Dr. David M. Jones.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ ________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 1/5/95