The undersigned have reviewed the award based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission reverses in part and modifies and affirms in part the Opinion and Award of the Deputy Commissioner.
The evidence of record in this matter consisted of the tapes of the April 19, 1996, hearing before Deputy Commissioner Dollar, the evidence presented before Deputy Commissioner Garner at the November 20, 1996, hearing, and the medical records of Drs. Greenhoot, Peters, Boyles, Harris and deMaria produced by the April 25, 1996, order of Deputy Commissioner Dollar. The Plaintiff failed to produce any additional relevant medical records as to the alleged 1994 back injuries, although Deputy Commissioner Garner allowed the Plaintiff a reasonable time after November 20, 1996, to produce these records.
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the initial hearing before Deputy Commissioner Dollar, plaintiff was forty-five years old. He is a high school graduate and has completed approximately one year of community college. Plaintiff began his employment with defendant Lincoln County Schools in October 1993. He was a custodian at Lincolnton High School.
2. Plaintiff's average weekly wage at Lincoln County Schools was $286.80, yielding a compensation rate of $191.21.
3. Prior to his employment at Lincoln County Schools, in April 1984, plaintiff suffered an on-the-job injury to his back lifting furniture while working as a furniture salesman. As a result of said injury, plaintiff had a cervical fusion at C-5 and C-6 in February 1985. This incident was confirmed by plaintiff's testimony and the medical notes of Dr. Greenhoot, who performed the surgery.
4. The record contains no evidence of a permanent partial disability rating for the 1984 back/neck injury, although plaintiff testified that he believed the rating could have been five or ten percent.
5. On January 25, 1994, while employed by Lincoln County Schools, plaintiff was injured when he was lifting large trash cans full of printed paper. He suffered a specific traumatic incident causing a strain to his back and neck. Defendant Lincoln County Schools admitted the compensability of the incident as a medical only claim, but at some point also paid some temporary total disability compensation to plaintiff. Although Deputy Commissioner Garner instructed counsel for defendant Lincoln County Schools to submit after the hearing the amount of compensation paid, counsel failed to submit such information.
6. On February 4, 1994, plaintiff was initially evaluated by Dr. Stan Peters of Hickory Orthopaedic. He was diagnosed with cervical strain. He was released to return to work on February 16 with some limitations. However, defendant Lincoln County Schools refused to allow plaintiff to return until he was "one hundred percent".
7. Dr. Peters released plaintiff to return to work without limitations on March 11, 1994, subject to a further evaluation by Dr. Larry Boyles, a neurologist in Hickory.
8. From March 15, 1994, through May 5, 1994, plaintiff saw Dr. Boyles five times. Dr. Boyles did not recommend surgery. Although Dr. Boyles released plaintiff to return to work on May 5, 1994, he told plaintiff that in order for plaintiff to return to his regular job, his employer would have to be willing to cooperate with him and accommodate his bending and lifting limitations, which defendant Lincoln County Schools was unwilling to do.
9. On August 31, 1994, plaintiff was dismissed from his employment with Lincoln County Schools for plaintiff's failure to notify defendant Lincoln County Schools of his release from medical care and because of his alleged disrespectful actions on two occasions toward school employees. This action was documented by a letter on August 31, 1994, to plaintiff by Assistant Superintendent Gary McConnell which was accepted into evidence at the April 19, 1996, hearing of this matter.
10. Defendant Lincoln County Schools presented no evidence at either hearing. There is no evidence of record that plaintiff's discharge from employment was for misconduct or fault, unrelated to the compensable injury, for which a nondisabled employee would ordinarily have been terminated.
11. As a result of the compensable injury by accident on January 25, 1994, plaintiff was disabled from work from February 7, 1994, until he began employment at defendant R-Anell on September 7, 1994, earning the same or greater wages than he earned at the time of the compensable injury. During this period of time, plaintiff was unable to return to work at his regular job and there is no evidence that defendant Lincoln County Schools offered him any suitable work within his restrictions.
12. Plaintiff was employed doing inspection work by defendant R-Anell Custom Homes, from September 7, 1994 to October 17, 1994.
13. On or about October 4, 1994, plaintiff was moving seven gallon pails of glue and doing some overhead work when he felt a tear and pain in his left side and arm, neck and lower back.
14. Plaintiff was terminated from his employment with R-Anell on October 17, 1994 for excessive absenteeism.
15. During his employment with defendant R-Anell, plaintiff's average weekly wage was $344.08.
16. On December 19, 1994, plaintiff was seen by Dr. Jerry Greenhoot, who performed the 1985 fusion on plaintiff. In this examination Dr. Greenhoot found plaintiff had normal reflexes, strength and sensation, full range of neck motion, and no lower or upper motor neuron disease. No neurologic abnormalities were noted, and Dr. Greenhoot stated in his notes that plaintiff "bends to the floor without difficulty, walks on his heels and toes, Babinski signs are not present." Dr. Greenhoot's examination revealed nothing abnormal in plaintiff's condition.
17. Based upon Dr. Greenhoot's report of December 19, 1994, the work incidents while plaintiff was employed by both employers resulted in, at the worst, strains which appeared to have medically resolved at the time of Dr. Greenhoot's examination. Plaintiff has not presented any medical evidence of disability or permanent impairment as a result of either incident, other than his subjective complaints of pain.
18. Due to plaintiff's severe financial difficulties, he has had difficulty obtaining medical treatment. Plaintiff saw Dr. Alfred deMaria in Wilmington in October 1995, and Dr. Toni Harris of Wilmington from November 1995 until February 1996. No medical treatment records since February 1996 have been produced by plaintiff.
19. There is insufficient medical evidence in the record from which to prove by the greater weight that plaintiff's current condition and disability, if any, are causally related to either the compensable injury by accident on January 25, 1994, or the incident which resulted in no injury on October 4, 1994.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 25, 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant Lincoln County Schools in that he sustained a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. As the result of the compensable injury by accident, plaintiff was disabled from work and entitled to received temporary total disability compensation from defendant Lincoln County Schools at the rate of $191.21 per week for the period from February 7, 1994 until September 5, 1994, when he returned to work earning the same or greater wages than he earned at the time of his compensable injury by accident. Defendant Lincoln County Schools is entitled to a deduction for any compensation paid to plaintiff during this period.
3. Plaintiff is entitled to have defendant Lincoln County Schools provide all medical treatment arising from the January 25, 1994, injury by accident. N.C. Gen. Stat. § 97-25.
4. Plaintiff has failed to prove that any injury resulted from the incident which occurred on October 4, 1994, while he was employed by defendant R-Anell. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment. Henry v. Leather Co., 231 N.C. 477,57 S.E.2d 760 (1950).
5. On October 4, 1994, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant R-Anell. N.C. Gen. Stat. § 97-2(6).
6. Plaintiff is entitled to no further compensation under the North Carolina Workers Compensation Act as a result of the incident which occurred on October 4, 1994. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant Lincoln County Schools shall pay plaintiff temporary total disability compensation at the rate of $191.21 per week from February 7, 1994, through September 5, 1994, subject to a credit for any compensation already paid. This compensation has accrued and shall be paid in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury by accident on January 25, 1994.
3. Plaintiff's claim for any additional workers' compensation benefits as a result of the incident which occurred on October 4, 1994, while he was employed by defendant R-Anell, is hereby DENIED.
4. Defendant Lincoln County Schools shall pay the costs.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER