The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Plaintiff's average weekly wage was $183.21 yielding a compensation rate of $122.14.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On February 16, 1996, plaintiff sought medical treatment from a Dr. Callaway for pain in her low back and right hip region. Plaintiff received a cortisone injection in her right hip. On March 28, 1996, plaintiff continued to complain of irritation in her right hip.
2. Plaintiff testified that on Friday, April 19, 1996, she experienced tingling running up her right leg into her back following an attempt to lift a box off of the top of a stack. She specifically testified that she did not feel any pain on April 19, 1996. In direct contradiction to this in-court testimony, a May 20, 1996 letter from Dr. Chipman reveals that plaintiff reported to him that on or about May 6, 1996, she did experience a sudden sharp pain in her back and neck following an attempt to lift a box off of the top of a stack.
3. Plaintiff did not report an injury to her supervisor until Monday, April 22, 1996. Plaintiff testified that she didn't think she had hurt herself on Friday, April 19, 1996 despite having reported to Dr. Chipman that she had experienced a sharp pain.
4. On April 24, 1996, plaintiff sought medical treatment again for pain in the low back and right hip region from John Midgley, MD. Plaintiff did not inform Dr. Midgley about any complications following an attempt to lift a box off of the top of a stack.
5. As of April 19, 1996, plaintiff had not fully recovered from the right hip and low back problems treated by Dr. Calloway.
6. The right hip and low back condition treated by Dr. Midgley after April 19, 1996 was the same condition treated by Dr. Calloway prior to April 19, 1996.
7. Based upon plaintiff's contradictory reports as to symptoms she claims she experienced following an alleged lifting incident on April 19, 1996, her failure to report any precipitating incident to Dr. Midgley, the similarity between her symptoms shortly before April 19, 1996 and her reported symptoms after April 19, 1996, and the Deputy Commissioner's own observation of the plaintiff's demeanor during her sworn testimony, the Deputy Commissioner found plaintiff's testimony regarding an alleged work-related incident on April 19, 1996 as not credible. The Full Commission affirms the credibility determination by the Deputy Commissioner and finds that Plaintiff's testimony regarding the incident is not credible.
8. There is a lack of convincing credible evidence of record that plaintiff's conditions treated by Dr. Midgley following April 19, 1996 were caused and/or aggravated by a work related lifting incident that allegedly took place on April 19, 1996.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
In view of the fact that Plaintiff's testimony regarding an alleged work-related injury is not accepted as credible and the Commission is the sole judge of the truthfulness and weight of the testimony, Plaintiff has failed to prove by the greater weight of the evidence that she sustained an injury by accident on April 19, 1996. N.C. Gen. Stat. § 97-2(6). Henry v.A.C. Lawrence Leather Co., 231, N.G. 477, 57 S.E.2d 760
(1950).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for compensation is HEREBY DENIED.
2. Each side shall pay its own costs.
This the ___ day of March 1999.
 S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
DCS/bjp