* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner J. Brad Donovan and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. There existed an employee-employer relationship between the parties as of July 14, 2003.
3. Liberty Mutual Insurance Company is the Workers' Compensation Insurance Carrier.
4. Plaintiff's average weekly wage is subject to determination.
5. The issues for determination are:
 a. Whether plaintiff suffered a compensable injury by accident arising out of and in the course of his employment with defendant-employer on July 14, 2003?
b. If so, to what benefits is plaintiff entitled?
 * * * * * * * * * * * EXHIBITS
1. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: I.C. Forms, tax forms, medical records
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a 54 year old male. Plaintiff began his employment with defendant on August 9, 1997. His duties involved pressing running boards for automobiles. Following the pressing procedure, plaintiff would pick up the pressed board, turn and place it on a table behind him.
2. On July 14, 2003, plaintiff picked up a completed board and turned to place it on the table. As he turned, he felt a snapping sensation in his back, accompanied by pain sufficient to cause plaintiff to experience nausea. Plaintiff testified that he reported the injury to his supervisor, Frances Johnson. Ms. Johnson maintains that plaintiff told her that he was going home because he felt sick and that plaintiff did not report an injury.
3. Plaintiff's co-worker, Pedro Zuviri, corroborated plaintiff's claim that he suffered an injury while working and that he reported the injury to Ms. Johnson. Mr. Zuviri also testified that he helped plaintiff to his car following the accident. Defendants offered testimony from other employees that they did not know of plaintiff's injury by accident.
4. The greater weight of the evidence shows that plaintiff timely reported the injury by accident to defendants.
5. Plaintiff suffered a previous back injury in 2001, which he reported as a work-related incident. Defendants denied plaintiff's claim, and plaintiff did not pursue a workers' compensation claim. Plaintiff underwent surgery for a large disc herniation at L4-L5, performed by Dr. Ralph J. Maxy, and received short-term disability compensation from defendant. Plaintiff ultimately returned to work with lifting restrictions of 20 pounds and no excessive bending, twisting or stooping. Plaintiff did not return to Dr. Maxy with any further complaints following his release in 2001.
6. On July 15, 2003, plaintiff presented to Main Street Medical Park. He provided a history of his previous back surgery and was referred back to Dr. Maxy. Plaintiff presented to Dr. Maxy on July 31, 2003, with complaints of "fairly significant" recurring lower back pain and weakness in the left leg. An MRI was performed on August 8, 2003 revealing a large disc herniation and extruded fragment at L4-L5, which was not present on plaintiff's previous MRI in 2001 prior to the date of injury. Dr. Maxy testified that this change was consistent with and accounted for plaintiff's symptoms on July 31, 2003 when he saw plaintiff in his office.
7. Dr. Maxy testified that a recurrent disc herniation could be caused from bending, twisting, or stooping, and that plaintiff's job duties of lifting running boards off the press and turning or twisting to lay them on a table behind him are consistent with activity that could cause plaintiff's injuries as indicated in Dr. Maxy's findings. Dr. Maxy warned plaintiff in 2001, when plaintiff was released from his care, that this same type of activity could cause recurrent problems. Although, Dr. Maxy testified plaintiff's injuries could have been caused in a number of ways, no evidence was presented to the contrary that plaintiff's injuries were caused by something other than a work related injury. Dr. Maxy further testified that plaintiff's protrusion is consistent with his symptoms.
8. On September 29, 2003, plaintiff underwent surgery performed by Dr. Maxy, including a complete diskectomy and fusion of the fourth and fifth lumbar vertebrae with bone grafts and metal hardware.
9. Plaintiff continued to follow up with Dr. Maxy through September 2, 2004, at which time Dr. Maxy reported that plaintiff was "doing fairly well." Plaintiff continued to experience intermittent numbness in the left leg and was having some additional difficulties unrelated to the July 14, 2003 injury. Dr. Maxy opined that while plaintiff was not totally disabled from performing sedentary work, he could not return to his former employment and would have permanent restrictions of no lifting more than 10-15 pounds, and no repetitive bending, twisting or stooping. Dr. Maxy noted that his evaluation was based solely upon plaintiff's medical condition and did not take into account his education, age or prior work experience. Plaintiff remained unemployed as of the date of hearing the before the Deputy Commissioner.
10. Dr. Maxy noted that his records did not indicate that plaintiff's injury occurred at work. However, Dr. Maxy testified that he would not have been concerned about the origin of the injury as it would not have effected treatment, and for that reason he would not have asked plaintiff about it. Dr. Maxy's records do not show that plaintiff stated any origin for his injury, work-related or otherwise.
11. Plaintiff's failure to apprise Dr. Maxy of the origin of his injury as work-related is not sufficient to render his claim invalid.
12. Plaintiff admitted to having a tree-trimming business prior to the date of his injury at which he earned approximately $200.00 to $300.00 per month, but that he stopped prior to July 14, 2003 and had not engaged in subsequent to that date.
13. Plaintiff suffered an injury by accident arising out of and in the course of his employment with defendant on July 14, 2003. As a result of his injury by accident, plaintiff has been totally disabled from work from the date of injury to the present and continuing.
14. Plaintiff has not received a permanent partial disability rating of his back as of the date of the hearing before the Deputy Commissioner.
15. Plaintiff's average weekly wage at the time of his injury was $648.06, yielding a compensation rate of $432.06 per week based upon the Form 22 Wage Chart.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The employee has the burden of proving that his claim is compensable, including that the injury arose out of and in the course of his employment. Henry v. A.C. Lawrence LeatherCompany, 231 N.C. 477, 57 S.E.2d 760 (1950).
2. In the instant case, plaintiff has presented sufficient evidence to show by its greater weight that he sustained an injury by accident arising out of and in the course of the employment on July 14, 2003. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff has presented sufficient competent evidence establishing a causal relationship between his injury by accident and his medical injuries. Holley v. ACTS, Inc., 357 N.C. 228,581 S.E.2d 750 (2003); Adams v. Metal USA, 168 N.C. App. 469,608 S.E.2d 357, 360 N.C. 54, 619 S.E.2d 495 (2005).
4. As a result of the compensable injury, plaintiff is entitled to temporary total disability compensation at the rate of $432.06 per week for the period from July 14, 2003 and continuing. N.C. Gen. Stat. § 97-29.
5. Plaintiff is entitled to have defendant pay for medical expenses incurred or to be incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen the period of disability, including all treatment provided by Dr. Maxy. N.C. Gen. Stat. § 97-2(19).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay temporary total disability compensation to plaintiff at the rate of $432.06 per week for the period from July 14, 2003 and continuing until plaintiff returns to work at the same or greater wages or until further Order of the Commission. As much of said compensation as has accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of 25% of the compensation awarded to plaintiff in Paragraph 1 above is hereby approved to be deducted from the lump sum due plaintiff and paid directly to counsel. Thereafter, every fourth check shall be paid directly to plaintiff's counsel.
3. Defendants shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act.
4. Defendants shall pay the costs.
This the 7th day of July 2006
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER