***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
 T***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of Plaintiff's alleged injury is October 23 or 24, 2007. *Page 2 
2. On such date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such date, an employer-employee relationship existed between Plaintiff and Defendant.
4. On such date, Defendant employed three or more employees.
5. Defendant is self-insured and Key Risk Management Services [now, Corvel] is the third party administrator.
6. Plaintiff's average weekly wage is to be determined by a Form 22.
7. Defendant denied Plaintiff's claim.
8. The following exhibits were entered into the evidence of record:
 • Stipulated Exhibit 1: Pre-Trial Agreement;
 • Stipulated Exhibit 2: Plaintiff's Medical Records;
 • Stipulated Exhibit 3: North Carolina Industrial Commission Forms
 • Stipulated Exhibit 4: NC Dept. of Correction Personnel File, Workers' Compensation File and Form 22
 • Defendants' Exhibit 1: Recorded Statement
9. The issues presented for determination by the North Carolina Industrial Commission are as follows:
 a. Did Plaintiff sustain an injury by accident arising out of and in the course and scope of her employment? If so, what is the date of Plaintiff's alleged injury?
 b. To what benefits, if any, is Plaintiff entitled as a result of her alleged injury by accident?
 *********** *Page 3 
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 42 years old and had worked for Defendant as a correctional officer for approximately eleven years. Plaintiff graduated from high school and attended approximately one year of college business administration classes.
2. In July 2006, Plaintiff was involved in a non-work related automobile accident, in which she injured her back and experienced neck and leg pain. Plaintiff missed several days from work due to the accident but continued to work her regular position. Plaintiff was prescribed a TENS (transcutaneous electrical nerve stimulation) unit, which Plaintiff would wear whenever she experienced back pain. Plaintiff would also present to doctors at Pope Air Force Base, under her spouse's coverage, whenever she required further treatment for her back.
3. On the night of October 23, 2007, at approximately 10:00 p.m., Plaintiff was instructed to assist Officer Norman Steele, another correctional officer, in taking an inmate to Betsy Johnson Regional Hospital in Dunn. Plaintiff asked to be excused from this assignment as she testified she was wearing her TENS unit and the additional weight, including the bullet proof vest and holster she was required to wear for her employment, irritated her back. As there were no other officers available, Plaintiff was required to assist.
4. Plaintiff testified that while exiting the prison van at the hospital, the inmate, who was in leg and hand restraints, lost his balance and leaned forward. While attempting to break the inmate's fall, Plaintiff testified that she tried to hold the inmate and, while doing so, felt a sharp pain in her lower back. *Page 4 
5. Officer Steele, the officer who drove the van, testified that he did not observe an incident where the inmate fell or came into physical contact with Plaintiff. Officer Steele further testified that Plaintiff did not mention anything about the incident to him.
6. When Plaintiff returned to the prison unit, she reported the incident and requested permission to leave early due to back pain.
7. On October 24, 2007, Plaintiff presented for a previously scheduled appointment with Dr. Arthur J. Greenwood, a flight surgeon at Womack Army Hospital, with complaints of lower back pain. Dr. Greenwood diagnosed a lower back sprain for which he prescribed medication.
8. On October 29, 2007, Plaintiff presented to Dr. Rodolfo Reyes, an internist. Plaintiff reported a history of back pain related to the 2006 motor vehicle accident and the work incident on October 23, 2007, when she was transporting the inmate. Plaintiff reported to Dr. Reyes that the inmate started to lose his balance and that she tried to catch him. Dr. Reyes noted some tightness in Plaintiff's back, which he believed was due to a muscle spasm and prescribed a muscle relaxant. Dr. Reyes released Plaintiff to return to work with restrictions of no lifting over ten pounds, no prolonged walking, sitting, or standing, and no repetitive motion for two weeks.
9. On November 12, 2007, Plaintiff again presented to Dr. Reyes with complaints of continued pain in her back and legs. Dr. Reyes noted tenderness in Plaintiff's left lower back, for which he continued Plaintiff on a muscle relaxant and also prescribed physical therapy. As Plaintiff continued to experience low back pain, on November 15, 2007, Dr. Reyes ordered an MRI and continued Plaintiff's previously assigned work restrictions.
10. At Plaintiff's appointment on December 17, 2007, Dr. Reyes reviewed the results of the MRI, which revealed mild discogenic and facet degenerative changes in the mid and lower *Page 5 
spine. Dr. Reyes believed that Plaintiff's symptoms were "most likely coming from degenerative joint disease." Dr. Reyes maintained Plaintiff's work restrictions and last examined her on February 4, 2008, at which time Plaintiff reported an exacerbation of back pain while exercising.
11. Dr. Reyes testified that it was possible Plaintiff's back problems were related to the work incident on October 23, 2007; however, Dr. Reyes found Plaintiff's x-rays to be normal and the MRI results to reflect what would be expected from someone of Plaintiff's age and physical condition.
12. Dr. Reyes opined that considering that the MRI revealed mild degenerative joint disease, he could not determine to a reasonable degree of medical certainty whether Plaintiff's back problems were related to the October 23, 2007 incident at work or related to a prior accident.
13. On June 5, 2008, Plaintiff presented to Dr. Aaron H. Gootman, an anesthesiologist, who has concentrated in pain management for the last five years. Plaintiff described low back pain that had been present for several years following an automobile accident and then following the incident with the inmate. Dr. Gootman diagnosed Plaintiff with low back pain with radiculopathy, which he opined could be caused by a variety of things.
14. Dr. Gootman ordered a lumbar electro-diagnostic study that indicated a probable neurological component, but he opined there was a facet component as well. On June 12, 2008, Dr. Gootman administered a facet block injection that produced significant pain relief. Dr. Gootman opined that this relief indicated that a major portion of Plaintiff's pain was derived from the posterior joints of her lumbar spine. Dr. Gootman then proceeded with radiofrequency *Page 6 
treatment, which also produced significant pain relief. Dr. Gootman has continued to treat Plaintiff, and his current diagnosis is lumbar spondylosis or facet syndrome.
15. Dr. Gootman did not assign any work restrictions during his treatment of Plaintiff. Dr. Gootman prescribed medications and injections and his final diagnosis was lumbar spondylosis. Dr. Gootman opined that Plaintiff was at maximum medical improvement.
16. On the issue of causation, Dr. Gootman opined that it was possible that Plaintiff's current pain condition was related to the October 23, 2007 work incident; however, there was no way to determine the true cause of Plaintiff's problem. Dr. Gootman further opined that Plaintiff's condition would more likely have occurred as a result of a motor vehicle accident rather than the October 23, 2007 work incident.
17. The Full Commission finds that Plaintiff has failed to establish by the greater weight of the competent evidence that on or about October 23, 2007, she sustained an injury by accident or specific traumatic incident to her back arising out of and in the course of her employment with Defendant.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In a workers' compensation claim, the employee has the burden of proving that her claim is compensable. Henry v. A.C. LawrenceLeather Co., 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950).
2. To establish causation, the evidence must rise above the level of mere speculation and conjecture. Holley v. ACTS, Inc.,357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003). The *Page 7 
medical evidence in this case does not establish a causal connection between Plaintiff's back symptoms and the October 23, 2007 work incident involving the inmate transfer. Therefore, Plaintiff has failed to prove by the greater weight of the competent evidence that on or about October 23, 2007, she sustained an injury by accident or specific traumatic incident arising out of and in the course of her employment with Defendant-Employer. Accordingly, Plaintiff's claim must be denied. N.C. Gen. Stat. § 97-2 (6).
3. Given the causation ruling in this matter, Plaintiff is not entitled to indemnity or any further medical compensation. N.C. Gen. Stat. §§ 97-25, 97-29.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Under the law, Plaintiff's claim must be, and is hereby, DENIED.
2. Each side shall bear its own costs.
This the ___ day of March 2010.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 8 
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1