The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach different facts and conclusions than those reached by the Deputy Commissioner. The Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The employee-employer relationship existed at the time of the alleged incident.
2. Maryland Casualty Insurance Company was the carrier on the risk at the time of the alleged incident.
3. The date of the alleged injury by accident was August 23, 1995.
4. The parties were subject to the North Carolina Workers' Compensation Act at the time of the incident, and the employer employed the requisite number of employees to be bound under the provisions of said Act.
5. The average weekly wage of plaintiff at the time of the alleged injury is $400.00, yielding a compensation rate of $266.67.
6. The parties stipulated to the introduction of the following documents into evidence:
(a) Industrial Commission Forms 18, 19, 61, 33 and 33R
 (b) Medical reports from Wesley Long Community Hospital, Dr. Russell A. Cobb, Spinal Imaging, Inc., Dr. R. D. Holmberg and Moses H. Cone Memorial Hospital, and Advocacy Care.
(c) Plaintiff's personnel records with Employer.
***********
Based upon all of the competent evidence from the record herein, the Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a twenty-eight year old male.
2. On August 23, 1995, plaintiff was employed as a service technician for defendant-employer, at which time plaintiff alleges an injury by accident arising out of and in the course of his employment with defendant-employer.
3. On August 23, 1995, plaintiff loaded his toolbox in his truck and proceeded to drive to Winston-Salem, North Carolina, to install a piece of glass. Plaintiff claims that as he picked up the toolbox, he hurt in a way that he had "never hurt before." On his way to Winston-Salem, plaintiff experienced low back pain and right leg pain.
4. Plaintiff's truck broke down on the highway en route to Winston-Salem, but he was able to start the truck and drive back to Greensboro. Once plaintiff arrived at defendant-employer's place of business, he told his supervisor, Tab Joyce, that he was going to the hospital because his kidneys hurt.
5. Plaintiff initially thought his back pain was associated with failing kidneys as the pain was located in his sides. Plaintiff was examined at Wesley Long Hospital on August 23, 1995. These records reflect that plaintiff had been experiencing back pain for three weeks and had pain in the area of his kidneys. Plaintiff was diagnosed with muscular bilateral back pain. Plaintiff then returned to work, and, according to the defendants, plaintiff worked continuously until September 13, 1995.
6. Plaintiff went to see Dr. Russell A. Cobb, a chiropractor, on September 13, 1995. Plaintiff was experiencing severe back pain with radiation into his right leg. Dr. Cobb relieved plaintiff of his work duties beginning September 13, 1995, as a result of his back pain and provided treatment for plaintiff's condition. Plaintiff was eventually diagnosed with disc protrusions at levels L4-L5 and L5-S1 and with spina bifida occulta at S1.
7. Plaintiff was seen by Dr. R. D. Holmberg on September 25, 1995. Dr. Holmberg treated plaintiff's injuries with conservative measures until October 16, 1995, when plaintiff underwent a microsurgical diskectomy at right L4-5 and left L5-S1. Dr. Holmberg relieved plaintiff of his work duties due to his injuries and surgery until January 12, 1996. At this time, plaintiff was released to return to work with a fifty (50) pound lifting restriction.
8. Plaintiff sustained a seven percent (7%) permanent partial disability to his back, as assigned by Dr. Holmberg, but there is no medical evidence in the record causally relating this disability rating to the alleged injury by accident of August 23, 1995.
9. Prior to the alleged injury by accident, in February 1995, plaintiff was involved in a rear-end collision, which was not work-related.
10. Plaintiff applied for and received unemployment benefits in early 1996. Since his release to return to work, plaintiff has worked at various other jobs and currently owns his own business earning an average weekly wage above his pre-injury wages.
11. The parties did not take the depositions of any of the medical providers in this case. Therefore, there is insufficient medical evidence in the record from which to prove by its greater weight that plaintiff sustained an injury as a result of the incident which occurred on August 23, 1995. There is also insufficient medical evidence in the record from which to prove by its greater weight that plaintiff's back surgery and resulting disability, if any, were caused by the August 23, 1995, incident.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. §97-2(6).
2. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment. Henry v. Leather Co., 231 N.C. 477,57 S.E.2d 760 (1950). Plaintiff failed to carry his burden of proving by competent expert medical testimony that a causal relationship existed between the incident on August 23, 1995, and the injury for which compensation is sought. Click v. FreightCarriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
3. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on August 23, 1995. N.C. Gen. Stat. § 97-2(6).
4. Plaintiff, therefore, is not entitled to benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2 etseq.
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
This the ___ day of May 1999.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp