***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and the named employer on February 4, 1999.
3. The carrier liable on the risk is correctly named above.
4. The employee's average weekly wage will be determined from an I.C. Form 22 Wage Chart to be provided by the defendants.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACTS
1. At the time of the hearing, Employee-Plaintiff was 33 years old and had graduated from high school and studied an additional semester in real estate at Cape Fear Community College.
2. Prior to beginning work for Defendant Manpower, Employee-Plaintiff was employed by Sturdy Controls as a machine operator and for approximately ten (10) years, Employee-Plaintiff worked on and off for various companies, primarily operating machines.
3. Employee-Plaintiff began working with Manpower at Kennametal as a tool refurbisher late in the summer of 1998. As a tool refurbisher, Employee-Plaintiff usually performed his job responsibilities in a standing position.
4. Employee-Plaintiff sustained an injury to the left knee on February 4, 1999, while running with his daughter by striking it on the bumper of his car. Employee-Plaintiff reported said incident as the only cause of his knee trauma to Stanley Weiss.
5. Mr. Weiss, a physician's assistant, prescribed Percocet and instructed Employee-Plaintiff to be on non-weight bearing status, but released him to return to work with sitting duties.
6. Employer-Defendant was willing to work with Employee-Plaintiff to accommodate his restrictions in a seated position. The company records document that Employee-Plaintiff "no-showed" and "no-called" on a number of occasions. These actions led to his termination. Legitimate efforts were made to return Employee-Plaintiff to a job position that could have been accommodated by providing a stool or ergonomic chair for Employee-Plaintiff. Employee-Plaintiff simply chose not to continue working.
7. On February 16, 1999, Employee-Plaintiff sought treatment with Dr. Esposito. Dr. Esposito ordered X-rays, which revealed no evidence of lesions, fractures or significant degenerative disease.
8. Dr. Esposito testified that based on the history given of two incidents of knee trauma on February 2, 1999, namely the work incident and the running incident, it would be "extremely difficult" to ascertain which of these incidents might or could have caused the internal derangement of the knee.
9. In March 2000, Employee-Plaintiff was walking in his house when the floor gave way and he fell through, twisting his left knee and ankle.
10. Thereafter, Employee-Plaintiff sought treatment Dr. Leo Washauer. Dr. Washauer diagnosed a MCL strain of the left knee and a possible medial meniscal tear, as well as several conditions, in addition to the right knee problem. Those additional diagnoses included sleep apnea, high blood pressure, and obesity.
11. Dr. Warshauer would not give an opinion with regard to the cause of Employee-Plaintiff's knee condition, as he did not evaluate Employee-Plaintiff in close proximity to the time of the alleged injury in February of 1999. Dr. Warshauer noted that Employee-Plaintiff's main problem was his obesity and stated that he only restricted Employee-Plaintiff's return to work at Employee-Plaintiff's request. Dr. Warshauer would not assess a permanent partial impairment rating of Employee-Plaintiff's knee.
12. Employee-Plaintiff's inability to work is the result of his obesity, and not any alleged compensable injury.
13. Employee-Plaintiff did not start looking for work until July of 2000.
14. Employee-Plaintiff has not returned to work for any length of time since the alleged work incident despite clearance from his physicians to do so and the existence of suitable employment.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The claimant in a workers' compensation case bears the burden of proving that his claim is compensable under the Workers' Compensation Act. See Henry vs. A.C. Lawrence Leather Co., 231 N.C. 477, 57 S.E.2d 760
(1950). The burden of proving every single element of compensability lies with the Plaintiff. See Harvey vs. Raleigh Police Department,96 N.C. App. 28, 384 S.E.2d 549, cert. denied, 326 N.C. 706, 388 S.E.2d 454
(1989).
2. Employee-Plaintiff did not sustain an injury by accident in February 1999, arising out of and in the course of his employment. N.C.G.S. § 97-2(6).
3. Employee-Plaintiff has failed to establish any disability as a result of a compensable injury.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim must, under the law, be and is hereby DENIED.
2. Each side shall pay its own costs.
3. This claim is ORDERED REMOVED from the Wilmington docket.
This the ___ day of July 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
DISSENTING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER