***********
This matter was reviewed by the Full Commission based upon the record of the proceedings the Deputy Commissioner, and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence. The Full Commission AFFIRMS the prior Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. Isurity Insurance Company was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage was $897.68, which yields a compensation rate of $598.49.
5. The issue for determination is whether plaintiff sustained a compensable heart attack on or about 15 January 2003, and if so to what benefits may he be entitled under the Act?
6. The parties submitted the following documentary evidence:
a. Medical Records, and
b. Plaintiff's recorded statement.
 ***********
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a sixty-one year old ninth-grade educated male. He had been employed for approximately eight years with defendant-employer as a truck driver. His duties required him to drive the truck, deliver, and unload furniture. Plaintiff and his wife drove as a team.
2. On 15 January 2003, plaintiff was in the trailer in Corona, California, unloading a delivery at Angela's Furniture. He pulled the pieces down off the top of the load and slid them to the tailgate. The pieces weighed between two hundred and three hundred pounds. There were approximately one hundred pieces of furniture to unload. However, this was the customary weight of the items he picked-up and delivered. While he was in the truck, plaintiff began to experience indigestion and chest pains. He called to his wife, and she phoned the dispatcher to inform him her husband was ill. As he completed the work, he became hotter and sicker.
3. The dispatcher instructed plaintiff to seek medical treatment in Carson, where he had to drop his trailer.
4. Plaintiff was treated at Kaiser Permanente Southern California Medical Group in Harbor City, California, where Dr. Cheryl Browne saw him.
5. Cardiologist Dr. Naing Moore performed surgery to place a stent on 21 January 2003, after a cardiac catheterization. Plaintiff was discharged from the hospital on or about 22 January 2003.
6. Plaintiff has reached maximum medical improvement following the heart attack.
7. Dr. Robert E. Pryor of Carilion Medical Associates in Galax, Virginia, monitors plaintiff's heart, blood pressure and blood, and prescribes his medications.
8. There is no medical evidence plaintiff's heart attack was causally related to his employment.
9. There is no evidence plaintiff was engaged in unusual or extraordinary exertion at the time of his heart attack.
 ***********
Based on the foregoing findings of facts, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In order for an injury caused by heart disease to be compensable, the Supreme Court has held a heart attack must be precipitated by unusual or extraordinary exertion. Dillingham vs. Yeargin Construction Company,320 N.C. 499 (1987); Lewter vs. Abercrombie Enterprises, Inc., 240 N.C. 399
(1954).
2. Because plaintiff's heart attack was not due to unusual or extraordinary exertion, it did not result from an injury by accident arising out and in the course of his employment on 15 January 2003. N.C. Gen. Stat. § 97-2(6); Dillingham vs. Yeargin Construction Company,320 N.C. 499 (1987); Lewter vs. Abercrombie Enterprises, Inc., 240 N.C. 399
(1954). Therefore, he is not entitled to recover benefits under the Act.
3. The person claiming the benefits of compensation has the burden of proving the injury complained of resulted from an accident arising out of and in the course of the employment. Henry v. A.C. Lawrence Leather Co.,231 N.C. 477, 57 S.E.2d 760 (1950). Likewise, there is no evidence plaintiff sustained an injury by accident arising out of and in the course of the employment on 15 January 2003. N.C. Gen. Stat. § 97-2(6). Therefore, he is not entitled to recover benefits under the Act under this theory.
 ***********
Based upon the foregoing findings of facts and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER