* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and oral argument before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Ledford with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between Employer-Defendant and Employee-Plaintiff.
3. Wausau Underwriters Insurance Co. was the carrier on the risk.
4. Plaintiff-Employee's average weekly wage could be determined from a Form 22 that was submitted by Defendants on October 17, 2006.
5. The parties also submitted a set of stipulated medical records.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 33 years of age, having a date of birth of April 15, 1974. He has been in the United States since October 1997. His native language is Spanish, though he speaks some English. Plaintiff testified at the hearing through an interpreter since he does not speak English fluently. However, Plaintiff admitted at the hearing that he does act as an interpreter for various other Spanish-speaking employees at work.
2. Plaintiff began working for Defendant-Employer in 1999 as a skiver. Plaintiff's job required him to repair retread tires ranging from two feet in diameter up to eight feet in diameter. *Page 3 
3. Plaintiff alleges that near the end of June 2005, he was repairing a tire and while standing on the inside of the tire he stood up and hit himself on the wooden tire stand where the tire was located. He could not recall a specific date on which this occurred, but said that he did go to his family doctor.
4. The records from Dr. Erlinda Abella, Plaintiff's family doctor, show that Plaintiff was seen on June 29, 2005. At that time, Plaintiff told Dr. Abella that he had been seeing a chiropractor for 2 weeks or 2 days, with no relief.
5. Subsequent to the hearing before the Deputy Commissioner, Plaintiff filed a Form 18 alleging a date of injury of June 27, 2005.
6. Plaintiff was seen by Dr. Abella on March 21, 2005, prior to the alleged date of injury of June 27, 2005, with complaints of low back pain. At this visit, Plaintiff indicated that the pain had been going on for several days, and he denied he had sustained any accident at work. Dr. Abella assessed an acute lumbar strain, that was resolving by Plaintiff's next visit on March 28, 2005. However, beginning in late May or early June 2005, Plaintiff sought treatment from a chiropractic physician for low back pain.
7. Plaintiff's testimony as to the dates he alleges he was injured is not clear. He alleges injuries occurred on both June 27, 2005 and July 12, 2005. He alleges that on July 12, 2005, he sustained another injury when he slipped while standing on a forklift attempting to retread a tire. After he slipped, he hit his neck and felt neck pain. He did not feel any low back pain at the time.
8. Plaintiff alleges that he reported both the injury of June 27, 2005 and the injury of July 12, 2005 to his immediate supervisor, Mr. Kepley; however, Mr. Kepley would not allow *Page 4 
him to file an incident report as a result of the June 27, 2005 incident. Mr. Kepley did prepare an incident report as a result of the July 12, 2005 incident.
9. Plaintiff went to see Angela Bates, who is in charge of workers' compensation for Defendant-Employer, on July 12, 2005 and stated that his back was hurting but that he did not know how he hurt his back. Although Plaintiff could communicate in English, Ms. Bates had Willie Brau, another supervisor of Plaintiff, at the meeting to interpret as needed. However, she did not need Mr. Brau to interpret, as she was able to communicate with Plaintiff without any difficulty.
10. Subsequently, Plaintiff was referred to physicians at ProMed. He was seen at ProMed on July 13, 2005. At this visit, Plaintiff complained of neck pain that "comes on with work activities" although he did not mention any specific incident. The medical records indicate that plaintiff was quizzed repeatedly and there was no history of any specific injury or incident that caused his problem, just a gradual onset of pain in his neck.
11. The physicians at ProMed initially restricted plaintiff to light-duty work but his employer did not honor those restrictions. Therefore, when he returned to physicians at ProMed the following week, he communicated to them, without difficulty, that his employer was not honoring the restrictions. The physicians reemphasized the restrictions and made certain that Defendant-Employer followed those restrictions. Plaintiff was placed in another permanent job, which meets all restrictions placed on him by his physicians due to his back problems.
12. Plaintiff has missed no time from work as a result of his back pain.
13. Plaintiff eventually came under the care of Dr. Stephen Furr, an orthopedic physician. Plaintiff did not describe any incident occurring on July 12, 2005 or any time in July *Page 5 
to Dr. Furr. Plaintiff did complain of back problems occurring in June but indicated that those problems had occurred for weeks, months and years while performing heavy-duty work.
14. Dr. Furr referred Plaintiff to Dr. Ranjan Roy at Piedmont Neurosurgery and Spine, P.A. Dr. Roy reviewed an MRI of Plaintiff's cervical spine and found no surgical lesions in the neck. A lumbar MRI did show a right-sided L5-S1 disc protrusion, which Dr. Roy believed might require further treatment, transforaminal blocks or possibly surgery at some point.
15. Dr. Furr could not testify to any reasonable degree of medical certainty that the herniated disc revealed on Plaintiff's MRI was the result of an incident on July 12, 2005.
16. Although plaintiff may have injured his back and neck on July 12, 2005 while employed by Defendant-Employer, the Commission finds that there is insufficient medical evidence of record from which to prove by the greater weight that Plaintiff sustained a compensable injury as the result of the alleged incident on July 12, 2005. Plaintiff's testimony is contradicted by the greater weight of the medical evidence, which shows that Plaintiff did not report specific incidents to the treating physicians. He had complained of back pain as early as March 2005, and had seen a chiropractor for his neck pain prior to June 27, 2005.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6). *Page 6 
2. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment. Henry v. A.C.Lawrence Leather Co., 231 N.C. 477, 57 S.E.2d 760 (1950). Plaintiff failed to carry his burden of proving by the competent evidence that a causal relationship existed between the work-related accident and the disability for which compensation is sought. Click v. FreightCarriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
3. Plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with Defendant-Employer on July 12, 2005. N.C. Gen. Stat. § 97-2(6); Anderson v. Northwestern Motor Co., 233 NC 372 (1951).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the 3rd day of March, 2008.
 S/________________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING: *Page 7 
S/________________________ BERNADINE S. BALLANCE COMMISSIONER
 S/________________________ DIANNE C. SELLERS COMMISSIONER
 *Page 1