* * * * * * * * * * *
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with some modifications, and enters the following Opinion and Award.
 * * * * * * * * * * * ORDER
Plaintiff's Motion for Judgment to the Full Commission alleging Defendant failed to timely file its brief is denied. Appellant's Motion to Deny Appellee's Motion for Extension of Time to the Full Commission is also denied.
 * * * * * * * * * * * *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-trial Agreement at the hearing as:
 STIPULATIONS
1. The Defendant-Employer and the Plaintiff-Employee are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and were so subject to and bound by the Act on April 3, 2007.
2. An employer-employee relationship existed between the Plaintiff-Employee and the Defendant-Employer on April 3, 2007.
3. The Defendant-Employer is self-insured, with Key Risk Management Services, Inc. as the third-party administrator.
4. Pursuant to a Form 33 filed on September 5, 2007, Plaintiff alleged she sustained an injury to her right leg on or about April 3, 2007. Pursuant to a Form 33R filed on October 19, 2007, Defendant denied that Plaintiff suffered an injury by accident pursuant to the North Carolina Workers' Compensation Act.
5. The applicable average weekly wage is $800.00, yielding a compensation rate of $533.36.
6. Defendant's Proposed Pre-trial Agreement was stipulated into evidence at the hearing, except for paragraph eight (8), twelve (12), and thirteen (13). Paragraphs sixteen (16) and nineteen (19) were also excluded from the Pre-trial Agreement. The Pre-trial Agreement is added to the end of the Transcript herein as pages 36 through 38.
 * * * * * * * * * * * *Page 3 ISSUE
The issue for determination is whether Plaintiff sustained a compensable injury by accident and, if so, to what compensation is she entitled?
 * * * * * * * * * * *
Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for Temporary Solutions as a Child and Adult Care Food Specialist on April 3, 2007. In this capacity, Plaintiff audited food programs throughout the western part of the state.
2. As a Child and Adult Care Food Specialist, it was within Plaintiff's job duties to travel to various sites to conduct inspections. Plaintiff's travel would involve driving for several hours to and from the inspection sites.
3. On April 3, 2007 Plaintiff left Raleigh and was driving to Belmont, North Carolina to perform several site inspections.
4. The State Motor Pool/Department of Administration owned and operated the vehicle driven by Plaintiff.
5. Plaintiff was on Interstate 85 just outside of Salisbury when the vehicle she was driving started smoking and the accelerator went all the way to the floor. Plaintiff decided to continue driving her car to Belmont, rather than stop on the side of the roadway for assistance.
6. During the drive Plaintiff testified that her leg got very fatigued and rigid. She believed it was the strain of driving under those conditions that caused her leg condition.
7. The vehicle Plaintiff was driving had transmission problems. Upon her arrival in *Page 4 
Belmont, Plaintiff took the car for repairs. The next morning, as Plaintiff was heading towards another work site, she had problems with the car accelerating up a hill. She returned the vehicle to the repair shop. She called her supervisor in the Raleigh office and got permission to rent a car from Enterprise. Later that day she returned to Raleigh. Upon her return, Plaintiff did not report any problems with her leg to her supervisor.
8. The following day Plaintiff continued to feel pain in her leg. She missed three days from work, returning on Wednesday, April 11, 2007.
9. Plaintiff did not seek medical treatment at the time, but testified she took Motrin for the pain. Plaintiff later began to experience cramps in her calf, followed by ankle swelling.
10. Following the vehicle malfunction on April 3, 2007, Plaintiff continued to work until May 4, 2007, when she attended a previously scheduled doctor's appointment. She continued to perform her regular duties, including driving to inspection sites throughout the western part of the state such as Lincolnton, Gastonia, and Newton.
11. Plaintiff did not seek medical treatment or report an injury to her supervisor. She testified that she believed it was just a sprain, and she did not think it was a major issue that needed to be reported to her supervisor. She continued taking Motrin, using warming pads, and stopping often during drives because of the leg swelling.
12. Temporary Solutions released Plaintiff from her assignment on May 15, 2007. The credible evidence establishes that Defendant was first informed of Plaintiff's leg problems approximately May 15 or 16, 2007. Plaintiff completed a Form 18 notice of accident on May 16, 2007.
13. The medical evidence shows that on April 3, 2007 Plaintiff was suffering from iron deficiency anemia. Additionally, she had a diagnosis of reactive thrombocytosis, secondary *Page 5 
to the anemia.
14. In a medical record dated June 22, 2007 Dr. William Irvin noted that he was evaluating Plaintiff for iron deficiency anemia and lower extremity deep vein thrombosis (DVT) at the request of Dr. Tuccero. He further noted that Plaintiff had a diagnosis of right lower extremity DVT in the right popliteal vein and possibly the distal superficial femoral vein. He ruled out some suspected conditions, made some recommendations, and indicated that further tests were pending. Under his assessment, Dr. Irvin stated that Plaintiff had right lower extremity DVT in the setting of cigarette smoking and a prolonged car ride without stopping. The Full Commission does not find this notation in the medical note of Dr. Irvin to be an opinion on causation for the DVT, absent further clarification.
15. On April 3, 2007 Plaintiff was an active smoker. Plaintiff admitted on cross examination that she was then aware that smokers were more likely, compared to nonsmokers, to have blood clots.
16. Driving was part of Plaintiff's regular duties. She traveled throughout the western part of the state to get to the cities where she needed to perform inspections. Although an injury due to a malfunctioning car could be compensable, Plaintiff failed to prove that her DVT was causally related to such a malfunction. Plaintiff has the burden of proving an injury, and a causal connection between that injury and a work related accident. Plaintiff did not present sufficient medical evidence to establish a causal connection between her injury and the alleged accident.
17. Dr. Tuccero's letter of March 11, 2008 does not state to a reasonable degree of medical certainty that Plaintiff's DVT was the result of the long car ride on April 3, 2007, or the result of the malfunctioning accelerator or transmission. She did state, however, that the sedentary state of long car rides was the only identifiable risk factor found. *Page 6 
18. Neither Dr. Tuccero nor Dr. Irvin related the incident involving depressing and holding down the accelerator for a long period of time, due to the vehicle malfunction, as resulting in injury to Plaintiff.
19. Plaintiff is presently working for the North Carolina Department of Justice as a contract paralegal in the Environmental Section.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not prove that she sustained an injury by accident arising out of and in the course of her employment on April 3, 2007. N.C. Gen. Stat. § 97-2 (6).
2. "In a worker's compensation claim, the employee has the burden of proving that his claim is compensable." Henry v. A.C. Lawrence LeatherCo., 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950). In many instances, the facts in evidence are such that any layman of average intelligence would know what caused a person's injuries; however, the exact nature and cause of some injuries must be established by expert opinion evidence. Clickv. Freight Carriers, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). To establish causation, the evidence must rise above the level of mere speculation and conjecture. Holley v. ACTS, Inc., 357 N.C. 228, 231,581 S.E.2d 750, 752 (2003). The medical evidence in this case does not establish a causal connection between Plaintiff's injury and her long car ride with the malfunctioning accelerator. To the extent Plaintiff presented some evidence that riding for long periods of time in a car is a risk factor for DVT, and her job required her to drive long distances, such evidence alone does not establish that she sustained an injury by accident because driving long distances was a part of her *Page 7 
regular work routine, and also the medical evidence does not establish that the malfunctioning accelerator during her long drive on April 3, 2007 led to development of the DVT. Plaintiff has not made a claim for, or presented evidence establishing an occupational disease.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, Plaintiff's claim must be, and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of March 2009.
S/_______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________________ PAMELA T. YOUNG CHAIR
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1