***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of Deputy Commissioner Donovan and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter herein.
3. At the time of alleged accident an employee-employer relationship existed between Employee-Plaintiff and Employer-Defendant.
4. Synergy Insurance Company is the insurance carrier on this claim.
5. Plaintiff's claim was denied by the Defendant via a timely filed Form 61.
 *********** EVIDENTIARY MATTERS
At the hearing of this claim before the Full Commission, Plaintiff attempted to introduce several documents not presented before the closing of the record. Plaintiff has failed to offer good grounds for the Commission to consider additional evidence or to consider documents. The Full Commission therefore will not consider those materials in rendering its decision. Therefore, Plaintiff's motion to admit additional evidence is DENIED.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
At the time of the hearing before the Deputy Commissioner, Plaintiff was 43 years old with a Masters degree in psychology. She had previously been employed as the director of an addiction center before being hired as a residential support team member by Liberty Corner Enterprises on January 13, 2009.
Plaintiff's duties consisted of caring for three infirm clients in their everyday activities. This included lifting them, feeding them, and generally caring for their needs. *Page 3 
3. Plaintiff suffered a motor vehicle accident approximately five years ago that left her with severe injuries. She was diagnosed with facet nerve syndrome in her back and neck, which causes her pain that radiates from her lower spine to both legs, as well as swollen and tingling hands, legs, and feet. Plaintiff also suffers from lumbar, thoracic, and cervical degenerative disc disease and osteoarthritis. The pain that she now alleges is very similar to the pain she experiences from her facet nerve syndrome. Plaintiff has previously used chiropractors to deal with the pain.
4. Plaintiff alleges that on February 7, 2009, she was lifting a sick patient when her back became sore. She did not feel an immediate onset of pain and stated that she felt the soreness to be cumulative as opposed to the result of a specific occurrence.
5. Plaintiff completed her shift and went home without reporting an accident or injury to her supervisor.
6. On February 8, 2009, Plaintiff called Liberty Corners and told her supervisor that she had a sinus infection and would need to take a few days off. She did not report an injury from the prior day, and did not report any soreness, symptoms or other problems with her back.
7. On February 9, 2009, Plaintiff presented to Sylva Chiropractic Clinic complaining of back pain. As part of her initial consultation, plaintiff filled out a patient questionnaire wherein she stated that she has facet nerve syndrome, which causes numbness, tingling, and swelling in her hands and feet. She noted that this time her pain began at work.
8. On February 13, 2009, Plaintiff called her supervisor again and reported that she was unable to work because of back pain and requested workers' compensation paperwork. Plaintiff was informed that she would need to submit a doctor's note excusing her from work and detailing any physical restrictions that she had been given. *Page 4 
9. Plaintiff was further informed that there was a non-lifting home available that she could transfer to if necessary. Plaintiff did not report back to work at the non-lifting home, nor did she present a note from her physician.
10. Plaintiff had no medical care for five days. She returned to the chiropractor on February 18, 2009 but did not request a note for work. Plaintiff went to the emergency room on the same day to request an MRI and did not ask for a note for work.
11. Plaintiff was written out of work by her chiropractor on February 23, 2009. This note allowed her to remain out of work until her MRI was completed on March 19, 2009. Plaintiff did not provide that note to Defendants.
12. The MRI taken on March 19, 2009 revealed multiple level degenerative disc and facet joint changes as well as a bulging disc/annular tear at the L5-S1. Plaintiff was ultimately diagnosed with multi-level degenerative disc disease, with facet syndrome and neuropathy. Plaintiff was determined not to be a surgical candidate.
13. Plaintiff presented x-rays taken after a 2007 accident where her dogs dragged her for several feet. Those records show the same degenerative disc disease in her lumbar, cervical, and thoracic spine in addition to an asymmetrical transitional element in the exact same L5-S1 location.
14. The greater weight of the evidence demonstrates that the bulging disc and annular tear were not present prior to February 7, 2009.
15. Plaintiff has failed to provide sufficient evidence to show that her back problems are a direct and natural result of any incident that is alleged to have taken place on or about February 7, 2009 or that any such incident materially exacerbated or aggravated her pre-existing condition. *Page 5 
16. The Full Commission further finds the explanation given by Plaintiff to justify the alteration of medical records provided to Defendants in an attempt to make them reflect that she had no pain before the accident not to be credible.
17. The greater weight of the evidence shows that Plaintiff did not suffer an injury by accident or specific traumatic incident on February 7, 2009.
18. Plaintiff was seen by at least six different physicians following her injury. None of those physicians stated to a reasonable degree of medical certainty that Plaintiff's alleged back pain arose out of her employment or resulted from a work injury on February 7, 2009. None of the providers indicated that she had an acute or permanent injury arising out of her employment.
19. Plaintiff is still being seen by Dr. Myles Hyman of Sylva, North Carolina for pain management. He has not written Plaintiff out of work or indicated that she has any permanent impairment that would prevent her from returning to gainful employment.
20. Plaintiff has not returned to work since February 7, 2009. Plaintiff testified that she has not looked for employment and has not contacted her former employer regarding the non-lifting home. Consequently, Plaintiff has not met her burden of proving loss of wage earning capacity, and the Full Commission finds that any diminution in wage earning capacity is not related to Plaintiff's alleged accident.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In a workers' compensation claim, the employee has the burden of proving that her claim is compensable. Henry v. A.C. LawrenceLeather Co., 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950). In order for an injury to be compensable under the Workers' Compensation *Page 6 
Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to prove by the greater weight of the competent evidence that on or about February 7, 2009, she sustained an injury by accident or specific traumatic incident arising out of and in the course of her employment with Defendant-Employer. Accordingly, Plaintiff's claim must be denied. N.C. Gen. Stat. § 97-2 (6).
 ***********
Based on the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
This the 17th day of June, 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1